ABRAHAM SELDIN, Plaintiff, *v.* NIXON REALTY CORPORATION, Defendant.

City Court of New York, Bronx County, November 23, 1934.

*Jeanette E. Koslowsky* [*George M. Aronwald* of counsel], for the plaintiff.

*Arthur B. Kelly*, for the defendant.

EVANS, J. Defendant, as landlord, without any obligation imposed by statute, common law or lease, undertook, at the request of plaintiff, as tenant, to install an electric wall light fixture in plaintiff's apartment. For that purpose an electrical contractor was hired, by defendant, to do the work. For all that appears in the evidence, the electrical contractor was a duly licensed person and competent to do the work. The job was finished on September 20, 1930. On that day the tenant complained to the landlord that sparks were " shooting out " of the fixture. The landlord notified his electrical contractor of the defect, and he promptly proceeded to repair it. At twelve o'clock noon of September 22, 1930, the repairs were finished. Three o'clock that afternoon, or before, the tenant again complained of " shooting sparks." The landlord tested the fixture, and when he made the test no sparks " shot out." He then told the tenant that the fixture had been fixed and was " all right." In the room where the fixture was installed the tenant's child was accustomed to sleep with the light turned on. The child went to sleep that night with the light turned on, and about an hour thereafter a fire broke out from the fixture. Awakened by a disturbance in the child's room, the plaintiff rushed in, observed the danger to his child, and attempted to rescue it. While so doing, he, in some way unknown to him, slipped to the floor. He was injured by burns, although the child was saved. The landlord is sued for negligence for the injury thus received.

A verdict for the plaintiff resulted, and defendant asks to set aside the verdict on the theory that the defendant was a mere

volunteer in the doing of the work; that it had hired a competent, independent contractor to perform it, and, if any negligence there was, it was the negligence of a third party. If that were the only theory on which plaintiff could recover, the complaint would have to be dismissed. Even though the independent contractor was negligent in the performance of the work, and even if such negligence were chargeable to defendant as a non-delegable duty (*Hyman* v. *Barret*, 224 N. Y. 436; *Paltey* v. *Egan*, 200 id. 83; *Sciolaro* v. *Asch*, 198 id. 77), the cause of action could not be sustained. It could not be sustained, because ordinary negligence, on the part of a volunteer, is not sufficient to charge him with liability.

The statement is often made and reiterated by judges and lawyers, in written and verbal opinion, that one who, without obligation, and as a volunteer, undertakes to do work and does it carelessly, is liable in negligence. There undoubtedly may be instances where a volunteer doing his assumed job in a manner dangerous to the public, or so recklessly that life or limb of strangers to the work may be endangered, could be held liable on the theory of negligence. But, as applied to the facts at bar, mere negligence of the defendant or his independent contractor would not be enough. There must be something more than negligence to charge defendant with a tort. To describe it more accurately, it is a negligent act, coupled with a misrepresentation or fraud, or a deception, misstatement or fraud, even without an act of negligence. In that sense only would a volunteer be liable for negligence, under the facts at bar. *Marks* v. *Nambil Realty Co., Inc.* (245 N. Y. 256) conveys that thought, and *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489) makes it quite plain.

Assuming that the electrical contractor was negligent in the manner in which he installed the fixture and that such negligence is chargeable to defendant, there is lacking in the evidence any element of misrepresentation by defendant as to the nature and quality of the work. True, defendant tested the work and made the statement that it was " all right." Nothing in the evidence shows this statement to have been carelessly or dishonestly made or with any idea of misrepresenting the work done. The mere fact that defendant was a landlord endowed him with no greater knowledge of the sufficiency of the work done by the electrical contractor than the tenant. The defect was obvious to the tenant, and there was no reason why he should have relied upon the statement of the landlord that the work was " all right," so as to be able to charge him with a misrepresentation and justification of reliance thereon. If the defendant were an electrician and made that statement, an inference of misrepresentation might arise. But the defendant knew

no more about the work than the tenant. If the defendant made the statement that the work was " all right " without some test, one might seek to spell out an attempt to deceive. But the statement was made after such test as one without much knowledge could make, and the statement may have had the quality of carelessness, but one cannot impute to it any thought of deception.

Without deception, no cause of action is made out against defendant, as a volunteer doing his work carelessly. (*Kirshenbaum* v. *General Outdoor Adv. Co.*, 258 N. Y. 489.)

But defendant was a volunteer only so long as the work of installing the fixture was in progress, and ended when the work was completed on September 20, 1930. At that time the fixture became a part of the building. Properly or improperly, carefully or carelessly, installed, the fixture was affixed to the realty, and certainly the electrical wires were a part of the building. The voluntary work had ended, and immediately the statute, section 78 of the Multiple Dwelling Law, became operative. It then became the duty of defendant to keep the electrical wire and fixture in " good repair."

The question of negligence and freedom from contributory negligence must, therefore, be determined in view of the statutory duty.

Plaintiff cannot be charged with contributory negligence, as a matter of law, for risking danger to himself, in an attempt to save his child from harm. (*Wagner* v. *International Ry. Co.*, 232 N. Y. 176.) As to the question of negligence, that is predicated upon failure to make the repairs after notice of the defect. Such notice was given on September 20, 1930. Immediately the landlord called upon a competent electrical contractor to make the repairs. The repairs were completed on September 22, 1930, at noon. But the repairs were apparently not adequate. The negligence of the electrical contractor, in making inadequate repairs, is chargeable to defendant, because the duty to make them was statutory and not delegable. When notice of inadequate repairs was given to the landlord on September 22, 1930, he tested the apparatus, and he found it " all right." There still remained for the jury to decide the question, whether the defendant had the right to rely on his own test, or whether he had reasonable opportunity, before the accident, to consult someone more familiar with the ways of electrical wires that were " shooting out " sparks.

One question still remains, and that is whether the failure to repair was the proximate cause of the accident, or whether an intervening agency, distinct from the failure to repair, caused it. The evidence is that when plaintiff entered the room for the purpose

of rescuing the child, he slipped in some unknown way and fell, and that this act of falling directly resulted in the burns. If he had not fallen, he might have rescued the child, without harm to himself.

In *Milwaukee, etc., Ry. Co.* v. *Kellogg* (94 U. S. 469, at p. 474) Mr. Justice STRONG said: " The true rule is, that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it."

At the conclusion of the trial, counsel for defendant requested the court to charge that proposition of law. The trial court refused. That was error. In refusing to grant that request the jury was in effect told, as a matter of law, that the failure to repair was the proximate cause of the accident. The defendant was thus deprived of the right to have the jury consider whether the fall was a separate and distinct intervening cause, which would absolve the defendant of any liability.

Motion to set aside the verdict and for a new trial granted. Submit order on two days' notice, setting the cause down for a retrial.