PORA REALTY CORPORATION, Landlord, *v.* ELIZABETH LEVINE, Tenant.

Municipal Court of New York, Borough of Bronx, Second District,
February 21, 1938.

*Henry H. Held,* for the landlord.

*Nathan Rogers,* for the tenant.

LEVY, J.   In this summary proceeding for non-payment of rent, the tenant concedes the landlord's petition and seeks damages, by way of counterclaim, for injury to household furniture, resulting from careless painting of the apartment.

I am satisfied that the painter was negligent in his work, and that tenant's furniture was damaged as a result.   Were I not constrained, by what appears to me to be binding precedent, I would not hesitate to find for the tenant on her counterclaim.

However, the painter who did this work was engaged by the landlord as an independent contractor.   Under the authorities (*Rudger* v. *Mucklon Holding Co., Inc.,* 240 App. Div. 188, and cases cited therein) the landlord is not liable for the negligence of this independent contractor.

I cannot let this occasion pass without expressing my regret as to the present state of the law on this subject.   A tenant occupies an apartment.   She rents it from the landlord and regularly pays rent to the landlord.   She understands and expects that the landlord, at one time or another, will renovate the apartment.   On this particular occasion the apartment walls and ceilings are dirty. The tenant asks the landlord to paint the apartment.   The landlord recognizes that the condition of the apartment is such that it should

be painted. The landlord engages another to do the painting. The tenant does not know, and is not expected to know, whether this painter is an employee or agent of the landlord or whether the painter is an independent contractor. The painter so negligently performs his work that the furniture, in being moved from place to place in the apartment, is broken, and paint spots and paint finger-prints are carelessly permitted on the furniture. The damage was inspected by a court official, upon my suggestion and the stipulation of the parties.

It would seem to me to be just that the landlord be held responsible for this negligent work. If the same painter were an " employee " of the landlord, and did the same thing, the landlord would be liable. Because this painter is not an employee, but is a so-called " independent contractor," the law — as presently enunciated in the cases — decrees that the landlord is not responsible.

The harshness of this rule of non-liability for the negligent acts of an independent contractor is obvious; and the courts have, from time to time, engrafted exceptions upon that rule so as to relieve it of its pristine severity.

Thus it is axiomatic that the independent contractor employed by the principal must be a competent one. But even when the independent contractor is competent, if the work undertaken by him is inherently dangerous, the landlord would be responsible. (*Paltey* v. *Egan*, 200 N. Y. 83, 91. Cf. *Hyman* v. *Barrett*, 224 id. 436.) If the work being done was in the performance of a non-delegable statutory duty, the employment of an independent contractor does not relieve the landlord of liability. (*Seldin* v. *Nixon Realty Corp.*, 153 Misc. 560.) Nor may the landlord who assumes a contractual duty to a tenant escape performance by delegating the duty to another. (*Sciolaro* v. *Asch*, 198 N. Y. 77.) If the landlord's duty was of a personal character, that duty could not be discharged by, delegating the operations even to a competent independent contractor. (*Russo* v. *Watson*, 249 App. Div. 782.) Where the employer personally interferes with the work, and the acts performed by him occasion the injury; or where the thing contracted to be done is unlawful; or where the acts performed by the contractor create a public nuisance, the employer is liable. (*Berg* v. *Parsons*, 156 N. Y. 109, 115.)

I have not attempted to exhaust the list of exceptions. This repeated assault upon the general rule was found necessary by the appellate courts so that injustice might not be done. I cannot, at *nisi prius*, assume to continue the process of whittling away. My hands are tied. The remedy is either with an appellate court or with the Legislature.

I regretfully dismiss the tenant's counterclaim. Such disposition is on the law and not on the facts. I grant final order in favor of the landlord against the tenant for the rent not paid in this proceeding. No costs. Five days' stay.