Goldman, J.
Plaintiff, a steelworker in the employ of third-party defendant, United States Steel Corp. (American Bridge Division), hereafter referred to as American, was injured while engaged in the construction of the Rochester War Memorial. American had a contract for the erection of the steel framework of the building. The defendant Flower City Carting & Excavating Co. Inc., hereafter referred to as Flower City, entered into a contract with American to furnish equipment and personnel for carting and hauling of structural steel from a railroad yard to the war memorial site. It was while a truck owned by Flower City was being unloaded at the war memorial that some of the *621 steel became dislodged, fell upon the plaintiff, causing him serious injuries. The plaintiff brought this action against Flower City and Flower City served a third-party complaint upon the third-party defendant, .American.
The plaintiff alleges that the principal acts of negligence on the part of Flower City were £ £ in failing and neglecting to have its truck properly equipped with side boards or side stakes adequate and sufficient to prevent the load on said truck from shifting or moving; in failing and neglecting to properly load the said truck so that the steel beams placed thereon would not shift or move; in failing and neglecting to warn this plaintiff of the manner in which said truck was maintained and loaded ”.
The defendant Flower City’s answer denies any negligence on its part. Flower City’s third-party complaint further alleges that its contract with American required that Flower City furnish only the necessary equipment and personnel for the carting of the steel and that all other acts of loading and unloading were specifically and solely the responsibility of American. The third-party complaint further sets forth in several details the allegations of negligence on the part of the third-party defendant American, which allegations charge American with primary and active negligence. It is further claimed that the negligence of Flower City, if any should be established at trial, was passive and secondary in nature and of a much lesser degree of negligence than that of American.
. It has long been recognized that the question of impleader presented here is one which is rarely ever black and white but generally all shadings of gray. Quite often it seems that the obligation of the trial judge is not only to know all of the distinctions in the law dealing with third-party complaints, but also to have a rather substantial degree of clairvoyance. The case at bar presents many of the more complicated and complex problems involved in motions of this nature.
If plaintiff’s complaint sets forth acts of negligence which are both active and passive in character, the third-party complaint should be sustained. (Goodrich v. First Nat. Bank of Olean, 132 N. Y. S. 2d 678, affd. 285 App. Div. 849; Marzella v. Carlson Hoist & Mach. Co., 280 App. Div. 955; Schnellhorn v. New York State Elec. & Gas Corp., 283 App. Div. 678.) It further seems right and fair that if there is any doubt as to the character of the negligence the court should move slowly in dismissing a third-party complaint. Chief Judge Conway confirms that principle in McFall v. Compagnie Mar. Belge, 304 N. Y. 314, 328) where he said: Whether negligence is passive or active is, generally speaking, a question of fact for the *622 jury.” Surely, if there is a substantial doubt in the court’s mind as to whether a jury might find the presence of both active and passive negligence, that doubt should be resolved by sustaining the complaint and permit it to await disposition at trial. This principle was adopted by the unanimous Bench of the First Department, in Cosgrove v. City Ice & Fuel Co. (275 App. Div. 1030) in the following language (p. 1031): “ We are unable to say, on the pleadings, that facts may not appear at the trial which would constitute a claim over against the third-party defendant under the first and second causes of action pleaded in the third-party complaint. We think it better to allow the causes of action to stand awaiting trial.” (See, also, Dalury v. Lutz, 198 Misc. 749, and Lerner v. Banco Constr. Corp., 109 N. Y. S. 2d 231.)
If the plaintiff’s proof should sustain the allegations of negligence alleged against defendant Flower City, said third-party plaintiff might well be charged with active and passive negligence. Certainly the failure to supply proper equipment in the form of sideboards on the trucks would be active negligence. It seems to the court, however, that paragraph eighth of the complaint clearly alleges negligence on the part of the defendant Flower City which might well be classed as passive and secondary. Plaintiff charges defendant Flower City with negligence “ in failing and neglecting to warn this plaintiff of the manner in which said truck was maintained and loaded ’ ’. Certainly, if defendant Flower City knew of the danger and failed to warn such actual notice would amount to affirmative and active negligence. If, however, there was no actual notice but Flower City should have known, then there would have been only constructive notice and the negligence under such facts would be passive. (See Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204, and Sommers v. 601 West 26th St. Corp., 144 N. Y. S. 2d 287, 289.)
For the purposes of the motion at bar, the allegations of the complaint must be assumed to be true. The fact that Flower City has denied actual or constructive notice should not prevent it from the opportunity to prove at trial that if it had notice it was in fact only constructive. The presence of inconsistencies in pleadings is not uncommon and should not be determinative of the rights of parties until after an opportunity has been given to present proof. “ Such an inconsistency usually appears where the practice of interpleader is used ”. (Robinson v. Binghamton Constr. Co., 277 App. Div. 468, 470.)
The court is in complete agreement with Presiding Justice Foster in the Robinson case, where, at page 471, he wrote: *623 ‘ ‘ Section 193-a is to be liberally construed. It was intended to mitigate the strictness of the old practice which required the third-party plaintiff to show clear liability on the part of the third-party defendant (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 202). Hence the mere fact that there is uncertainty as to liability on the part of the third-party defendants is not a sufficient reason to dismiss the third-party complaint.” As in that case (p. 471), the court here believes “ Under the pleadings as presented there may be liability over, we think, and the possibility is all that the statute requires ”. (Also, see Marzella v. Carlson Hoist & Mach. Co., 280 App. Div. 955, supra, and Johnson v. Endicott Johnson Corp., 278 App. Div. 626.)
An examination of the pleadings in the case at bar gives one the feeling that if the allegations of the third-party complaint are sustained by proof the negligence of American is primary and of greater degree than the negligence of Flower City. The court is well aware that we do not have the doctrine of comparative negligence in the law of our State, but the court is inclined to the test of greater and lesser duties set forth in McFall v. Compagnie Mar. Belge (304 N. Y. 314, supra). (Also, see Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145.)
A very close fact situation to the case at bar is presented by a recent decision of the United States Court of Appeals for the Second Circuit, Palazzolo v. Pan-Atlantic S. S. Corp. (211 F. 2d 277). There the plaintiff, who was an employee of the loading company, received injuries when a roll of pulp became dislodged during the course of unloading of cargo. Plaintiff sued the ship operator, just as the plaintiff in the case at bar sued the truck owner, and the ship operator brought a third-party action against the stevedoring company. The District Court dismissed the third-party action and the jury found a verdict against the defendant. In holding this to be error the Court of Appeals said (p. 279) “ indemnity over is recoverable where, as here, the employer’s negligence was the ‘ sole ’, ‘ active ’ or ‘ primary ’ cause of the accident ”.
We are fortunate, indeed, to have what is almost the last word on this question from the Supreme Court of the United States in its affirmance of the Court of Appeals in the Palazzolo case (supra). In that decision Justice Bubtoh gives great support to the court’s position in the case at bar, and in referring to the question of primary and active negligence as distinguished from secondary and passive, the court said (350 U. S. 124,133): “ That question has been widely discussed elsewhere in terms of the relative responsibility of the parties for the tort, and those discussions have dealt with the concepts of primary *624 and secondary or active and passive tortions conduct.” As one reads this decision, as well as so many others one senses the increased liberality of permitting parties to present this question to a jury and it is this sense of obligation that prompts this court to permit all of the parties the right to fully produce their proof at the trial of the issues. The motion to dismiss third-party complaint is denied.
Submit order accordingly.