Matthew M. Levy, J.
The plaintiff sues for personal injuries allegedly sustained in a fall from a ladder he was using while painting the defendant’s premises, a multiple dwelling. It appears that the defendant had engaged a contractor to do the painting in the building and that the plaintiff, an employee of the contractor, was doing the painting work. In [the first] paragraph “ Seventh ” of the complaint, it is alleged by the plaintiff that the “ defendant, her servants, agents or employees furnished plaintiff with the said ladder to be used in connection with the said painting work.” The plaintiff further alleged that the occurrence complained of was caused solely by the negligence of the defendant in that the ladder was in a defective and dangerous condition and in that the defendant failed to provide the plaintiff with a safe place to work. These allegations are denied in the defendant’s answer. And, impleading the contractor (Civ. Prac. Act, § 193-a), the defendant as third-party plaintiff alleged in her complaint against the third-party defendant that ‘ ‘ if plaintiff recovers against the Third Party Plaintiff by reason of the allegations of his complaint, such recovery will be based on the active and primary negligence of Hyman M. Estrin ,[the third-party defendant] as aforesaid and will be based only on passive negligence, if any, of the Third Party Plaintiff, in her ownership of the premises where the accident occurred and Hyman M. Estrin will be required to indemnify the Third Party Plaintiff to the extent of any recovery made by the plaintiff against the Third Party Plaintiff.”
The third-party defendant moves before me for dismissal of the third-party complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4) and for a severance permitting the entry of judgment. In my view, the motion is well taken, as will be seen from an examination and analysis of the pleading — and *269 necessarily ignoring the conclusory assertion therein heretofore adverted to.
It is pleaded in paragraph “ Fourth ” of the third-party complaint that, ‘ ‘ for the purpose of conducting such painting Hyman M. Estrin [the third-party defendant] furnished one of his own ladders to Vincent Vanino [the plaintiff] to be used in connection with the said painting work.” It is further alleged in that pleading that, if the plaintiff sustained the injuries as alleged in his complaint, such injuries (if not due to his own contributory fault) were due to the negligence of the third-party defendant * ‘ in furnishing his own ladder for the use of the plaintiff and in maintaining that ladder in the condition as alleged by the plaintiff and in failing to furnish a safe place for the plaintiff to work as alleged as against the Third Party Plaintiff without any ladder or other material being furnished by the Third Party Plaintiff for the use of Vincent Vanino and without any negligence of the Third Party Plaintiff contributing thereto.” (Par. “ Sixth ” of third-party complaint.) And these are the allegations of the third-party complaint notwithstanding (as has been seen) that the plaintiff-in-chief has alleged in his complaint that it was the defendant herself who furnished the offending ladder.
It clearly appears from the pleadings that the third-party defendant is an independent contractor, not a servant, agent or employee of the defendant (Hexamer v. Webb, 101 N. Y. 377; Matter of Duffy v. Kedenburg, 278 App. Div. 31; Pora Realty Corp. v. Levine, 166 Misc. 625). And it is plain that an independent contractor is not embraced within the allegations of the complaint. The plaintiff will succeed or fail, therefore, in accordance with whether or not the proof establishes or does not establish that the defendant furnished the ladder and it was defective. (Cf. Kluttz v. Citron, 2 N Y 2d 379.)
The sole negligence related in the complaint and in the plaintiff’s bill of particulars refers to the ladder, and to that alone. The fact that the painting happened to be done at a multiple dwelling seems to me to be of no moment. The plaintiff’s dlairn of the violation of the Labor Law is necessarily concerned solely with “the place of work” and its alleged defective condition. The ladder is “ the place of work ”, and not the multiple dwelling.
If, as alleged in the third-party complaint, the third-party defendant furnished the ladder — which is capable of proof by the defendant (the third-party plaintiff) under the issues as joined in the main action — then the plaintiff cannot succeed against the defendant. If, as claimed by the plaintiff, it was *270 the defendant who provided the ladder, and the ladder was unsafe for use, the furnishing of a defective instrumentality was the principal negligence, in the circumstances here; and the defendant, being the primary tort-feasor, cannot claim over as a third-party plaintiff. (McFall v. Compagnie Maritime Belge, 304 N. Y. 314; Gambella v. Johnson & Sons, 285 App. Div. 580; Spindell v. Miller, 157 N. Y. S. 2d 278; cf. Falk v. Crystal Hall, Inc., 200 Misc. 979, affd. 279 App. Div. 1071, 1073, motion for leave to appeal denied 304 N. Y. 987.)
In opposition to the motion, the third-party plaintiff relies on Coffey v. Flower City Carting & Excavating Co. (1 Misc 2d 619) but this decision appears to have been reversed (2 A D 2d 191, affd. 2 N Y 2d 898). As I read the opinion, I gather that it is now valid authority to the contrary of the proposition projected by the respondent on the motion. In that case, the plaintiff was employed by the third-party defendant in the unloading of steel beams from a truck furnished by the defendant. The negligence charged to the defendant was the failure to warn the plaintiff of the manner in which the truck was being maintained and loaded. The third-party complaint alleged that the third-party defendant had complete charge and control of the work of loading and unloading and that the defendant did not have any notice, actual or constructive, that the steel had not been properly loaded. The Appellate Division said (p. 192): “ This case is governed by decisions that a claim over is insufficient in law where it contains allegations which-if established would preclude liability on the part of the original defendant [citing cases] ”. That is the very situation in the case at bar.
The motion is granted. Settle order.