## (October 21, 1958.)

■ VINCENT VANINO, Plaintiff, v. EMMA M. BRUCKMAN, Defendant and Third-Party Plaintiff-Appellant. HYMAN M. ESTRIN, Third-Party Defendant-Respondent.— Judgment affirmed, with costs to respondent.

M. M. FRANK, J. (dissenting). In this negligence action, the defendant appeals from a judgment entered upon an order dismissing her third-party

complaint. The plaintiff, employed by the third-party defendant, sues for injuries sustained by reason of a fall from a ladder while he was painting the premises owned by the defendant (third-party plaintiff). We must, of course, be guided by the complaint which charges that the defendant "operated, maintained and controlled a certain ladder on said premises" and that the defendant "furnished plaintiff with the said ladder". There is no allegation that the defendant owned the ladder, nor does it appear to be disputed that the ladder was owned by the third-party defendant, the plaintiff's employer. Based upon the complaint, despite this lack of ownership, it is possible that liability may be fastened upon the defendant on a theory involving her furnishing, operating, maintaining or controlling the ladder owned by the third-party defendant. Under the circumstances, whether the defendant can be held liable at all, or if so held would be a joint tort-feasor not entitled to judgment over, or merely secondarily liable to the plaintiff with the right to recover against the third-party defendant, should await the development of the facts at the trial. (*Employers Mut. Liability Ins. Co. of Wisconsin* v. *Fairchild Press*, 279 App. Div. 895.) The judgment and order should be reversed and the motion to dismiss the third-party complaint denied. Botein, P. J., Breitel, and Stevens, JJ., concur in decision; M. M. Frank, J., dissents in memorandum in which Rabin, J., concurs. [7 Misc 2d 267.]