JENNIE STABILE, Plaintiff, *v.* ANGELINA VITULLO et al., as Trustees under the Will of FLORIO VITULLO, Deceased, Respondents and Third-Party Plaintiffs. UTICA BREWING Co., INC., Third-Party Defendant-Appellant.

ALBERT STABILE, Plaintiff, *v.* ANGELINA VITULLO et al., as Trustees under the Will of FLORIO VITULLO, Deceased, Respondents and Third-Party Plaintiffs. UTICA BREWING Co., INC., Third-Party Defendant-Appellant.

Fourth Department, May 16, 1952.

*J. Stuart Fero* and *James M. O'Hara* for Utica Brewing Co., Inc., third-party defendant-appellant.

*Joseph T. Hopkins* for respondents and third-party plaintiffs.

*Per Curiam.* This is an appeal from an order denying a motion under rule 106 of the Rules of Civil Practice to dismiss a third-party complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

It appears from the complaint that the defendant trustees, hold, manage and operate a building known as 662–668 Bleecker Street, Utica, New York; that on the third floor of said building is an assembly hall which defendants from time to time rent to various individuals and organizations for social gatherings, dances and the like. Plaintiff alleges that on the 27th day of February, 1951, she attended a bridal shower held in said hall and while descending the stairway she fell and was injured because of a dangerous and defective condition of said stairway.

The defendants as third-party plaintiffs alleges that on or about the 11th day of October, 1950, the third-party defendant, its agents, servants and employees so negligently handled a keg of beer, that the same was dropped upon the stairway in question breaking a number of the steps of the said stairway. The third-party complaint further alleges: " That shortly after the 11th of October, 1950, and prior to the 27th day of February, 1951, the third-party defendant agreed with the defendants Vitullo to repair or replace said broken stairs, but failed and neglected to do so, so that the same were still broken at the time the plaintiff alleges she fell upon said stairs.''

Under the circumstances shown here it was the duty of the third-party plaintiffs to maintain the premises in such a condition as to be safe for the public use. The alleged agreement on the part of the third-party defendant to repair the damage which it caused will not suffice to relieve the third-party plaintiffs of their duty to the public.

The third-party plaintiffs, as shown by their complaint, knew that the steps were broken for a period of about four and one half months prior to plaintiff's accident, and thus knowingly permitted and acquiesced in the continuation of the condition until plaintiff met her injury. The third-party plaintiffs may not have a recovery over for a loss which they could have averted by the exercise of reasonable care (*Eisenbach* v. *Gimbel Bros.*, 281 N. Y. 474, 479). Thus by the terms of the third-party complaint plaintiff's injury is shown to have resulted from the active negligence of the third-party plaintiffs and fails to state a cause of action for a recovery over (see *Bornhorst* v. *Lyon*, 279 App. Div. 820; *Falk* v. *Crystal Hall, Inc.*, 200 Misc. 979, and Restatement, Restitution, ch. 3, § 95, p. 415).

The order should be reversed on the law and facts, with $10 costs and disbursements, and motion granted, with $10 costs.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs.