FRANK WILLIAMS, Plaintiff, *v.* RHODE ISLAND CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. CHARLES SCHULZ, Third-Party Defendant-Appellant.

First Department, May 12, 1953.

*Irving A. Thau* of counsel (*Samuel S. Parmet,* attorney), for appellant.

*Walter T. Glenney* of counsel (*Glenney, Mathews & Hampton,* attorneys), for respondents.

DORE, J. P. In this personal injury action by plaintiff Williams against defendants, Rhode Island Corporation, owner of the entire block of real estate in question, and Fulton Market Realty Corp., lessee thereof, a jury trial was waived and shortly after plaintiff took the stand, the above-named two defendants, respondents herein, confessed judgment against themselves for $10,000 in plaintiff's favor and plaintiff accepted.

Fulton Market, as immediate landlord of Schulz, a subtenant of part of the premises used as a public garage, had filed a third-party complaint against Schulz, the garage operator and subtenant as a third-party defendant. The owner, Rhode Island Corporation, did not file any third-party complaint against Schulz. Plaintiff, Williams, was an employee of Schulz, the garage man. Schulz had been represented by an insurance company but it disclaimed coverage shortly before trial and at the trial its attorney withdrew from the case as attorney for Schulz who as a result was not represented by any attorney nor was he personally present at the trial as he was then in Florida.

In Schulz's absence, after the two above-named defendants had confessed judgment, the trial court, by way of inquest, proceeded to trial of the Fulton's cross complaint against Schulz and gave judgment over against him in the same amount as the confession of judgment not only in favor of Fulton Market Realty Corp. but also in favor of Rhode Island Corporation. This was apparently on the basis of Schulz's agreement to make repairs and to indemnify in his lease from Fulton Market.

The sole appeal before us is by Schulz, third-party defendant from that part of the judgment, the second decretal paragraph thereof, which directs judgment over against appellant Schulz in favor of Fulton Market and Rhode Island.

As defendant Rhode Island Corporation had not filed any third-party complaint against Schulz, it was error to direct judgment over against him in favor of Rhode Island, and that part of the judgment over must be reversed and it is held that on this record there is no basis for such judgment against Schulz.

As to Fulton Market's judgment over against Schulz, we think a new trial should be ordered. The record in plaintiff's case against defendants, Rhode Island and Fulton Market, is extremely meagre. It is practically to the effect that " the beam fell about a month and a half before I got hurt " and on the morning of the accident plaintiff heard a crash and that's all he remembered. There was no medical testimony and no further development of the facts. After the above-mentioned testimony, the attorney who represented both Fulton Market and Rhode Island confessed judgment for $10,000 in plaintiff's favor and plaintiff and his attorney accepted.

The testimony in the inquest with regard to the accident is also meagre. It was to the effect that one of the pillars in the garage fell down a month and a half before plaintiff got hurt when apparently it was struck by a vehicle which, also apparently, was operated by a business visitor of the tenant Schulz, and the " landlord " brought an " iron with him to put the beam in " and when " that beam " fell " it " broke in half. This testimony is vague and unsatisfactory, and there is no medical testimony whatever.

Defendants, Fulton Market and Rhode Island, were of course entirely free to confess liability and judgment against themselves in plaintiff's favor; that part of the judgment, the first decretal paragraph thereof in plaintiff's favor against Rhode Island and Fulton is not appealed from and may not be dis-

turbed. However, *merely* by confessing liability and consenting to judgment in plaintiff's favor against themselves, those defendants could not thereby create a proper basis for judgment over against Schulz, the third-party defendant. If it is entirely clear that there was no proper legal basis for Fulton's liability to plaintiff, Fulton could not create such basis or a cause of action over against Schulz merely by conceding liability against itself. If the settlement in good faith established Fulton's liability, it may be on a proper showing of facts that indemnity would lie; but we do not pass on that issue on this inadequate record.

The record before us is factually insufficient to determine the issues as to the claim for judgment over and a new trial should be ordered. On the new trial all issues with regard to good faith and legal liability in connection with the confession of judgment should be explored as well as the precise nature of the claimed defect, how it occurred, the duty and the failure to repair, the happening of this accident, and the scope of the indemnity clause in the lease as found applicable to the facts when more fully developed.

The judgment so far as appealed from granting judgment over in favor of Rhode Island Corporation should be reversed, with costs to appellant, and it is held that there is no basis in this record for such judgment; the judgment so far as appealed from granting judgment over in favor of Fulton Market against Schulz should be modified by striking out the second decretal paragraph and ordering a new trial on the cross complaint of Fulton Market Realty Corp. for judgment over against Schulz, with costs to abide the event; and as so modified the judgment appealed from should be affirmed. Settle order.

COHN, CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur.

Judgment over in favor of the Rhode Island Corporation, so far as appealed from, unanimously reversed, with costs to the appellant; judgment over in favor of Fulton Market Realty Corp., so far as appealed from, unanimously modified by striking out the second decretal paragraph and ordering a new trial on the cross complaint of Fulton Market Realty Corp. for judgment over against Schulz, with costs to abide the event, and, as so modified, affirmed. Settle order on notice.