JOHN J. RUPING, Plaintiff, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, and REED GLASS COMPANY, INC., Respondent, et al., Defendants.

JOHN J. RUPING, as Executor of SARAH J. RUPING, Deceased, Plaintiff, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, and REED GLASS COMPANY, INC., Respondent, et al., Defendants.

Third Department, December 22, 1953.

*Ernest P. Lyons, Jr.,* and *Kenneth J. Dugan* for appellant.

*William J. Murphy* for respondent.

HALPERN, J.   The defendant Great Atlantic and Pacific Tea Company appeals from an order dismissing its cross claim against the defendant Reed Glass Company, Inc., in each of two actions.

The complaint in one action, brought by the executor of the last will and testament of Sarah J. Ruping, alleges that while the testatrix was in an A. & P. store on August 27, 1948, a bottle of ginger ale exploded with great force while it was in the possession of another customer who had selected it for purchase and, as a result, pieces of glass struck the testatrix, causing her to be injured.   Subsequently, the testatrix died of causes unrelated to the injury.   The other action is a derivative one, for the husband's medical expenses and for loss of his wife's services.

The complaints allege that the bottle was manufactured by the defendant Reed Glass Company, Inc., which sold it to the defendant Clicquot Club Bottling Co., Inc., which then filled the bottle with carbonated ginger ale and sold it to the A. & P.

Two theories of negligence are alleged against the A. & P.: (1) negligence in the manner in which the bottle of ginger ale was stored and handled, it being alleged that the A. & P. had allowed the bottle to be exposed to the sun in hot weather in a display window without adequate precautions, inspection or tests as to the effect of the exposure and (2) negligence in failing to detect defects in the bottle which, in the exercise of reasonable care, the A. & P. could reasonably have discovered.

The A. & P. interposed an answer in each action, setting up cross claims against the defendant Clicquot Club Bottling Co., Inc., for breach of warranty and for negligence and against the defendant Reed Glass Company, Inc., for negligence.   It was charged in the latter cross claim that the defendant Reed Glass Company, Inc., had negligently manufactured the bottle.

The A. & P. sought a judgment over against its codefendants for any amount for which it might be held liable to the plaintiff.

The cross claim against the defendant Reed Glass Company, Inc., was dismissed on motion for insufficiency on its face. This, we believe, was error.

Under the complaint, the A. & P. might be held liable to the plaintiff either for its own affirmative negligence in the way in which it handled and exposed the bottle, in which case there could be no recovery over, or it might be held liable on the ground of secondary or passive negligence for failing to discover a defect in the bottle which had been caused by the Reed Glass Company's primary negligence in the process of manufacture. In the latter event, the A. & P. would be entitled to recover over against the Reed Glass Company (Restatement, Restitution, § 93, " Indemnity from Negligent Seller or Supplier ").

Since a recovery might possibly be had upon the trial against the A. & P., upon a ground which would entitle it to a recovery over, it was erroneous to dismiss the cross claim upon motion.

This case would seem to present a classic instance of a right of recovery over, against a primary wrongdoer whose misconduct had created a dangerous condition, by one who was held liable for failure to discover and remedy the danger. (Leflar, " Contribution and Indemnity Between Tort Feasors ", 81 U. of Pa. L. Rev. 130, 156; McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 329–331.)

There is, however, a recognized exception to this principle of indemnity. The one seeking indemnity may be barred from recovering from the creator of the danger, if " after discovery of the danger, he acquiesced in the continuation of the condition " (Restatement, Restitution, § 95). He is then said to be in pari delicto with the original wrongdoer (Stabile v. Vitullo, 280 App. Div. 191). This exception depends upon a finding of actual notice of the dangerous condition. Obviously, in a case where there is no actual notice but there is only constructive notice, because of failure to discover that which could reasonably have been discovered, the defendant cannot be charged with acquiescence in the dangerous condition as a bar to indemnity.

The Special Term seems to have been misled into holding that this case comes within the exception, by a statement in the case of Falk v. Crystal Hall (200 Misc. 979, affd. 279 App. Div. 1073, motion for leave to appeal denied 304 N. Y. 987) to the effect that " there is no justifiable distinction in prin-

ciple, between ' actual ' and ' constructive ' notice as a differentiating basis for disallowing or permitting indemnity '' (200 Misc. at p. 985). The Special Term accordingly held that even if the proof upon the trial in this case showed that the A. & P. was chargeable only with constructive notice of the dangerous condition: of the bottle, it would be barred from recovering indemnity.

The actual decision in the *Falk* case turned upon the undisputed finding of fact that the defendant landlord, who had been held liable for personal injuries sustained by a tenant, had had actual notice of the dangerous condition upon the premises, created by the negligence of the other defendant, and had done nothing about it for two days thereafter; hence it was held that he had acquiesced in the dangerous condition and was barred from recovering the indemnity to which he might otherwise have been entitled. The statement in the opinion that constructive notice would have had the same effect was an erroneous *obiter dictum*. The judgment in the *Falk* case was affirmed by the Appellate Division of the First Department but the court was careful to point out that it was only '' the result arrived at by Trial Term '' which it found to be '' correct '' (279 App. Div. 1073). In this case, if upon the trial the A. & P. is held liable to the plaintiff only upon the basis of constructive notice of the dangerous condition of the bottle, the A. & P. will be entitled to recover over from the manufacturer of the bottle.

The order dismissing the cross claim must therefore be reversed and the motion to dismiss the cross claim denied, with costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Order dismissing the cross claim of the defendant Great Atlantic and Pacific Tea Company against the defendant, Reed Glass Company, Inc., reversed, and the motion to dismiss the cross claim denied, with $10 costs.