In the Matter of the Claim of MARY E. DEYO, Respondent, against VILLAGE OF PIERMONT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to modify order of this court, dated December 22, 1953, to provide for the taxation of costs in favor of the appellants against the Workmen's Compensation Board, granted. This application is granted without motion costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *ante*, p. 67.]

■

HENRY N. SCHELLHORN, Plaintiff, v. NEW YORK STATE ELECTRIC AND GAS CORP., Defendant and Third-Party Plaintiff-Respondent. JUDGE NEON SIGN Co., INC., Third-Party Defendant-Appellant.— Appeal by the third-party defendant from an order of the Special Term of the Supreme Court, Albany County, denying a motion to dismiss the third-party complaint. The main complaint may be construed as charging the third-party plaintiff, an electric power company, with passive as well as active negligence resulting in plaintiff's injury. In a situation in which the main complaint may be construed as charging the third-party plaintiff with passive negligence, even though it also charges him with active negligence, it has been the policy of this court not to dismiss such a complaint, but to leave the question of liability over until the examination of facts afforded at the trial. (*Robinson* v. *Binghamton Constr. Co.*, 277 App. Div. 468; *Johnson* v. *Endicott Johnson Corp.*, 278 App. Div. 626.) Order unanimously affirmed, with $10 costs and disbursements. Present —Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in Delaware County, for the Purpose of Providing Additional Water for the City of New York. AMANDA FLETCHER et al., Appellants; CITY OF NEW YORK, Respondent.— Five claimants appeal from an order of Supreme Court, Special Term, Otsego County, entered in Delaware County January 15, 1953, which rejected awards made to them by commissioners of appraisal unless claimants would stipulate to accept reduced amounts as recommended by the court. The awards were made by the commissioners for lands appropriated by the City of New York pursuant to title K of chapter 41 of the Administrative Code of that city, commonly called the Water Supply Act, involving Delaware Section 17 — Delaware County. The order appealed from confirmed various other awards made by the commissioners and also rejected certain others not involved in this appeal. The record indicates wide variances in the estimates of value and damage of witnesses for the city and the landowners, respectively, but, substantially, leaves only questions of fact to be resolved. Such determination was primarily the province of the commissioners of appraisal as was the related question of the credibility of the various witnesses under the proof presented here. There appears no justification for the substitution of the court's judgment for that of the commissioners, who had the opportunity for careful view of the premises, the comparison of the several parcels and the opportunity of evaluating the testimony before them. The order, insofar as it applies to the awards of these claimants-appellants, reversed on the law and the facts, and such awards of the commissioners are reinstated and confirmed, with $50 costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.