Nicholas M. Pette, J.
Motion by the third-party defendant, Lafayette National Bank (hereinafter called Lafayette), pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings dismissing the amended third-party complaint upon the grounds (1) that it fails to state facts sufficient to constitute a cause of action, (2) that it fails to state facts sufficient to constitute a third-party cause of action under section 193-a of the Civil Practice Act, and (3) that it fails to state facts sufficient to constitute a representative cause of action under article 3-A of the Lien Law and section 195 of the Civil Practice Act. By a separate notice of motion the third-party defendants Caristo and Petillo, doing business as Atlas Construction Co. (hereinafter called Atlas), moved for similar relief. Op such *218 motions the allegations of the complaint and third-party complaint are deemed to be true.
The third-party plaintiff (hereinafter called Planet) was the general contractor for the construction of a public school in Queens. Atlas was the subcontractor for the concrete work. Plaintiff furnished materials for the job to Atlas and is an unpaid materialman. Plaintiff filed a lien in the amount of $41,688.23, which lien was bonded by Planet.
Plaintiff under its first cause of action seeks to foreclose its lien upon moneys due to Planet from the board of education of the City of New York. As required in such type of action plaintiff joined as parties defendant other named unpaid material-men of Atlas who had filed liens. Plaintiff’s amended complaint also contains a second cause of action solely against Planet and several bonding companies to recover the aforesaid sum under various payment bonds.
Planet as defendant in the main action served a third-party complaint against Lafayette and Atlas as third-party defendants, suing under articles 2 and 3-A of the Lien Law on behalf of itself and all other job creditors who shall seek to be vouched in as party claimants. The theory of the third-party action is that moneys paid by Planet, as general contractor, to Atlas, as a subcontractor, were trust funds under the Lien Law for the benefit of materialmen, and that some of these moneys were paid by Atlas to Lafayette at times when Lafayette had knowledge of the existence of unpaid materialmen of Atlas.
The amended third-party complaint alleges Planet’s contract for the construction of the public school; Planet’s subcontract with Atlas for concrete work; Planet’s delivery of a payment bond to the board of education; a contract by Atlas with plaintiff for the furnishing of ready-mix cement; the claim of plaintiff for an unpaid balance of $41,688.23; the indebtedness of Atlas to the plaintiff and to nine other named materialmen; that Atlas and the individual third-party defendants, comprising said partnership, were adjudicated bankrupt; the default in performance of the subcontract by Atlas; the completion of the subcontract by Planet and the cost thereof; that after completion by Planet it holds $13,744 available for the payment of the claims of plaintiff and the other materialmen of Atlas, and the filing of liens by plaintiff and the materialmen named as defendants.
Planet then alleges that for a valuable consideration plaintiff assigned its claim to the said $41,688.23 and the lien therefor to Planet, who is now the owner and holder thereof and who is subrogated to the rights of said plaintiff against the third-party defendants. Similarly, the other nine materialmen, each for a *219 valuable consideration, assigned their claims and liens to Planet, who is now the owner and holder thereof and subrogated to the rights of each of said defendants against the third-party defendants; that Lafayette was not a job creditor under the Lien Law in connection with the general contract of Planet or the subcontract of Atlas, or in any other connection with the construction of the said public school; that Lafayette knew that Atlas was performing the subcontract for the construction of the public school, and was entitled to receive periodic payments from Planet, which payments were to be received as trust funds for the payment of materials, equipment, and work, labor and services furnished in constructing said school; that Planet paid Atlas $102,000 by four checks, which were indorsed by Atlas and delivered to Lafayette, who received the same for its own use and purpose and retained the proceeds thereof with knowledge that said checks were the partial proceeds of the contract performance by Atlas in connection with the said public improvement; that the said checks were thereafter duly paid from the funds of Planet on deposit with another bank; that at the time of said payments to Lafayette, Atlas was indebted to various materialment and that Lafayette had knowledge of said indebtedness by Atlas to its job creditors, and that said checks were required for the payment of such indebtedness; that Atlas never made or delivered an assignment of moneys due or to become due from Planet, nor did Lafayette ever file any such assignment with the board of education.
The first point raised by the third-party defendants is that Planet is not entitled to sue under sections 25-b and 71 of the Lien Law. Section 25-b provides that funds received by a subcontractor (Atlas) from a contractor (Planet) for a public improvement are declared “ to constitute trust funds in the hands of such subcontractor to be applied first to the payment of the claims of subcontractors, laborers and materialmen, arising out of the improvement ”. Section 71 provides that a trust under section 25-b ‘ ‘ may be enforced by any person entitled to share in the trust fund in a representative action brought for the benefit of all persons entitled to share in the fund.”
The third-party defendants argue that Planet as prime contractor is not one of the beneficiaries enumerated in section 25-b. This argument is without merit. Planet, by virtue of having paid the materialmen under its payment bond, became subrogated to their rights including the right to enforce the trust created by section 25-b of the Lien Law. (Century Ind. Co. v. Bank of Gowanda, 35 N. Y. S. 2d 396, affd. 263 App. Div. 1068.) The case of American Sur. Co. v. Tannhauser (37 N. Y. S. 2d 450, affd. 265 *220 App. Div. 999) was decided at Special Term on August 31,1942, the day before the civil remedy provided in section 25-b became effective.
The third-party defendants also argue that the third-party complaint is insufficient for failure to plead a right of indemnity on the part of Planet against Lafayette. Such an allegation is unnecessary in view of the fact that Planet’s action is not based on indemnity as such, but on the trust provisions of the Lien Law.
The second point raised by the third-party defendants is that the third-party complaint is insufficient as a third-party complaint; that even if the amended third-party complaint pleads sufficient facts to constitute an independent cause of action in favor of Planet against Lafayette, it does not constitute a third-party cause of action. The argument is made that since plaintiff has assigned its claim to Planet, who is now the owner and holder thereof, there can be no recovery by the plaintiff against Planet, and, therefore, no judgment-over by Planet against the third-party defendants; that, therefore, the third-party defendants are not persons who are or may be liable to Planet for all or part of the plaintiff’s claim against Planet. This argument is without merit. (Williams v. Rhode Is. Corp., 281 App. Div. 618; B. M. C. Mfg. Corp. v. Tarshis, 278 App. Div. 266; Madison Ave. Properties Corp. v. Royal Ins. Co., 281 App. Div. 641.)
The third point raised by the third-party defendants is that since Planet has acquired by assignment the claims of the other materialmen, and is now the owner of such claims, it cannot bring a representative action on behalf of them; that even though the amended third-party complaint makes reference to the fact that there may be other unpaid materialmen unknown to the third-party plaintiff, this allegation is insufficient to sustain a representative cause of action. The answer to this argument is that section 71 of the Lien Law requires that an action brought to enforce a trust under section 25-b of the Lien Law must be “ a representative action brought for the benefit of all persons entitled to share in the fund. ’ ’ Said section further provides that the practice, pleadings, forms and procedure shall conform as nearly as may be to the practice, pleadings, forms and procedure existing at the time in actions brought under section 195 of the Civil Practice Act. The latter section enumerates other instances in which a representative action may be brought.
It follows that the motions of the third-party defendants for judgment on the pleadings dismissing the third-party complaint must be denied.
Submit order.