■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRENE BURKE and LEE CLARKE, Appellants.— Motion granted and time for argument of appeal enlarged to include November 1959 Term, and case set down for argument on November 5, 1959.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN BARBER, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal.

## (October 30, 1959)

■ CHARLES McCANTS, Plaintiff, v. WILMORITE, INC., Defendant. CHARLES McCANTS, Plaintiff, v. SUBURBAN HEIGHTS DEVELOPMENT CORP., Defendant. WILMORITE, INC., et al., Third-Party Plaintiffs-Appellants, v. MAFALDO PASSERO, Doing Business as STATE CONSTRUCTION COMPANY, Third-Party Defendant-Respondent.— Order reversed, with $10 costs and disbursements, and motion denied, without costs. Memorandum: Special Term dismissed the third-party complaint on the theory that plaintiff's claim arose from a violation of section 241 of the Labor Law and, therefore, there could be no indemnity as a matter of law (*Rufo* v. *Orlando,* 309 N. Y. 345). The main complaint contains allegations of both passive and active negligence, although the distinction between the two is somewhat obscure. The claim of failure to provide a safe place to work and proper safety devices may be an allegation of passive negligence. From the pleadings before us it cannot be determined with any certainty that section 241 of the Labor Law applies. On the other hand, proof may be presented at trial which may make section 241 applicable. In the present posture of this action it cannot be determined until the facts are developed at trial whether there is a right of recovery over and, of necessity, the fate of the third-party complaint should be reserved for decision upon the trial. (See *Ruping* v. *Great Atlantic & Pacific Tea Co.,* 283 App. Div. 204, 206; *Schellhorn* v. *New York State Elec. & Gas Corp.,* 283 App. Div. 678.) All concur. (Appeal from an order of Monroe Special Term dismissing the amended third-party complaint.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ MARIO PAPARO et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 34332.) — Judgment affirmed, with costs to the claimants-respondents. Memorandum: Under the circumstances the demand of the Attorney-General that the claimants deliver a release from Daniel G. Robbino was unreasonable and arbitrary. See memorandum filed in *D'Agostino* v. *State of New York* (9 A D 2d 724). All concur. (Cross appeals from a judgment of the Court of Claims for claimants on a claim for appropriation of realty by State.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.