Louis L. Friedman, J.
On June 19, 1955, plaintiff wife was entering an elevator at the lobby floor of the apartment house located at 5609 Fifteenth Avenue, Brooklyn, New York, in which building she resided with her husband. She claimed that as she entered the elevator, her foot caught against the floor of the elevator cab, which at that time was about five inches above the level of the lobby landing, and that she fell forward, causing her to sustain severe personal injuries. She brought this suit against Delfus Realty Corp., owner of this 72-family apartment house, and Watson Elevator Co., Inc., the latter company having a maintenance and service contract with respect to the elevator in question. Both defendants answered plaintiffs’ complaint, and the answer of the defendant Delfus Realty Corp., hereinafter referred to as Delfus, contained a cross complaint against *902 the defendant Watson Elevator Go., Inc., hereinafter referred to as Watson.
The action proceeded to trial before the court and a jury, a stipulation having been entered into at the inception of the trial that all of the issues of law and fact arising out of the cross complaint be decided by the court without a jury, after the main issue as to the right of the plaintiffs to recover, was resolved.
After all sides had rested, and prior to summation, the court was advised that a settlement agreement in the amount of $7,500 for the plaintiff wife, and $1,000 for the plaintiff husband on his cause of action for medical expenses and loss of services, had been entered into between the plaintiffs and the defendant Delfus. The court was advised of the terms of the settlement and such terms were later on dictated into the record. By the terms of such settlement, judgment was to be entered in favor of the plaintiff wife against defendant Delfus for the sum of $7,500 and in favor of plaintiff husband against said defendant for the sum of $1,000, or a total of $8,500. Coupled with such agreement to enter judgment was a stipulation that the action was to be severed and continued as against the defendant Watson, the plaintiffs by the stipulation having reserved their rights to continue against that defendant.
The severance was granted and the trial as against the remaining defendant Watson was then continued. Following summations and charge, the jury returned a verdict in favor of the plaintiff wife against defendant Watson for the sum of $16,000 and in favor of plaintiff husband for the sum of $5,000. In its charge to the jury, the court instructed them that if they came to the conclusion that plaintiffs were entitled to succeed, they were to determine the full extent of the damages sustained by each plaintiff, and then deduct therefrom the sum of $7,500 in the wife’s case, and the sum of $1,000 in the husband’s case. The net amount was to be reported to the court as the verdict of the jury.
At the request of both counsel, motions were reserved until the following day, and on the day succeeding the rendition of the verdict, the attorney for plaintiffs and the attorney representing defendant Watson both stated that neither side had any motions, and that the amount of the judgment in favor of the plaintiffs was to be paid.
Still pending before the court, and decided herewith, are the motions made by each of the defendants for judgment with respect to the cross complaint, defendant Delfus moving for *903 judgment over in the amount which has now been determined to be $8,500, and defendant Watson moving for judgment of dismissal of the cross complaint.
Defendant Delfus was the owner and manager of this 72-family apartment house located in the Borough of Brooklyn. It was a 6-story building, and the upper floors were serviced by one Watson self-service passenger elevator. This elevator had been installed in the building about 27 years prior to the date of plaintiff’s accident, and for about 6 or 7 years before the date of that accident, it was serviced by the defendant Watson, by virtue of a maintenance contract which was received in evidence as plaintiffs’ Exhibit 2. That contract sets forth the various work which defendant Watson was required to do in order to keep the elevator running in good order. The contract provided that Watson would call at the premises twice monthly in order to check the proper running of the equipment and its operating condition, and, in addition to such bimonthly calls, Watson was required by the terms of this contract to call at the premises on such other occasions as might be necessary when emergency conditions arose. Had Watson failed to go to the premises at all, its breach of the contract conditions would be no basis for a cause of action by plaintiffs. However, having admittedly called at the premises and having inspected and adjusted the elevator, the obligation rested upon defendant Watson to perform this work in a proper and prudent manner, and if it failed to do so, such failure would enure to the benefit of these plaintiffs. Through its failure to properly inspect, having undertaken to do so, or its failure to repair, Watson breached its contract with defendant Delfus, and such breach of contract was also a breach of a legal duty which it owed to the plaintiffs. For the breach of contract as such, plaintiffs would have no cause of action against Watson, but for the breach of the legal duty owing to them, they would be entitled to recover. (Rosenbaum v. Branster Realty Corp., 276 App. Div. 167; Kelly v. Watson Elevator Co., 309 N. Y. 49; Wroblewski v. Otis Elevator Co., 9 A D 2d 294; Wisner v. Harmas Holding Corp., 1 A D 2d 957; Poplar v. Bourjois, Inc., 298 N. Y. 62, 67.) The jury has already determined that defendant Watson was negligent. Under the charge of the court and the testimony in this ease, the negligence of this defendant was active, for it was only by reason of what was done by Watson’s mechanic while at the premises, and his failure to properly adjust or inspect the elevator, that fault could be found. That being so, the sole remaining question to be here determined is *904 whether the negligence of defendant Delfus was passive, so that said defendant Delfus would be entitled to judgment over against Watson for the amount of $8,500, for which amount defendant Delfus is liable to the plaintiffs herein.
In Williams v. Rhode Island Corp. (281 App. Div. 618) the Appellate Division had before it a case in which two of the three defendants sued had confessed judgment against themselves in favor of the plaintiff. These defendants then sought to recover over the amount of the judgment so confessed by them against a third-party defendant. The trial court, in the absence of the third-party defendant, took an inquest on the third-party complaint and granted such judgment over, and the third-party defendant appealed. As to one of the third-party plaintiffs who, as a defendant, had confessed judgment in favor of the original plaintiffs, the Appellate Division found that there never was even a third-party complaint, and as to that third-party plaintiff, the judgment was reversed and the complaint dismissed. As to the other third-party plaintiff, the judgment was likewise reversed, but a new trial was ordered. The Appellate Division held that the record in plaintiff’s original case against the original defendants was “ extremely meagre.” It appears from the opinion that there was no medical testimony and no full development of the facts upon which the trial court was able to say that the questions of active and passive negli-gence could be properly determined. While there was a reversal in this action, the fact that the Appellate Division ordered a new trial as to the third-party plaintiff who had served a complaint, rather than a dismissal, appears to be support for the proposition that although defendant Delfus in the present case confessed judgment in favor of these two plaintiffs for the total sum of $8,500, the court may nevertheless consider Delfus’ cross complaint for that amount. In this case, contrary to what happened in the Williams case (supra), all of the proof had already been submitted to the court, because all three sides had already rested. The parties had already stipulated that the legal and factual issues in the case be determined by the court without a jury, and since all of the proof was in, the court was in a position to rule on the cross complaint, awaiting only the final verdict of the jury.
The court is satisfied upon all of the facts in this case that the negligence of the defendant Delfus was passive while the negligence of the defendant Watson was active. Delfus maintained this building and for the purpose of insuring the proper operation of the elevator, it maintained a regular service contract *905 with the defendant Watson, a well-known elevator company, whose elevator had been installed in that building. There is nothing in the proof before the court which shows that Delfus did anything affirmatively or failed to take any action which may be deemed active negligence which brought about this accident. It notified defendant Watson of the complaints by the tenants and the complaints were thereafter remedied, although only temporarily as the jury has found, by the adjustments made by defendant Watson. The court finds as a fact that the last adjustment on this elevator by defendant Watson was made some time shortly after June 15, 1955, and there is nothing in the proof which indicates that Delfus did or failed to do anything which may be charged against it as active negligence. Delfus had a right to rely upon the assurance of the expert furnished by the defendant Watson that when this mechanic left the building shortly after June 15, 1955, the elevator was in proper working condition. Good working condition meant that the elevator would stop level under all operating conditions, that is, whether loaded or unloaded. If, as Watson now contends, this elevator could not be made to stop level without the expenditure by Delfus of the sum of approximately $500, then Watson should have so notified defendant Delfus. While liability on the part of Watson may not be predicated solely upon its failure to give any such notice, it is a circumstance which may be taken into consideration in connection with all of the other maintenance work performed by Watson. It is certainly a circumstance which may be taken into consideration in determining whether Delfus had a right to rely upon the assurances made to it by the employees of Watson.
In Brown v. Knickerbocker Village, Inc. (279 App. Div. 1043), the Appellate Division, First Department, held: ‘ ‘ The contractor Marcato might have been held liable on the cross complaint if the facts sufficiently disclosed that the sole cause of the accident was lack of a repair that Marcato had the contractual duty to remedy. Such proof would have established that Marcato was primarily negligent, and the landlord only passively negligent and secondarily liable (see Tipaldi v. Riverside Memorial Chapel, 273 App. Div. 414, 417, affd. 298 N. Y. 686).” The court, in that case, however, reversed the judgment granted on the cross complaint because “ the proof was insufficient to satisfactorily establish that the accident was caused by Marcato’s failure to perform his repair contract.” In the present case, however, the proof is more than adequate to show failure of proper performance.
*906 What is considered “ active ” as against “ passive ” negligence is sometimes difficult of construction and the words “ active ” and “ passive ” negligence have been variously and diversely construed. (See Seiden v. Savings & Loan Assn., 10 Misc 2d 720.) If the landlord Delfus in this case had acquiesced in a continuation of the defective condition with knowledge thereof, it might be held to be in pari delicto with Watson and hence there could be no recovery on the cross complaint. (See Stabile v. Vitullo, 280 App. Div. 191; Raping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204.) But, as has already been pointed out in this case, Watson had represented to Delfus after the inspection shortly after June 15,1955, that the elevator was in good working condition and Delfus had a right to rely upon that representation. The proof shows that the elevator apparently continued to work satisfactorily, so far as anyone was able to discover, for several days after the mechanic’s visit in the middle of June, and up to but not including the time of the accident. Under those circumstances the facts in this case do not come within the holding of the Raping and Stabile cases (supra).
In its brief submitted in opposition to the cross complaint, Watson argues that the landlord was under a statutory duty to maintain the elevator. Where the statutory breach is of the Labor Law (§ 241), it has been held that a violation of this section is deemed active negligence and recovery over is not allowed. (See Semanchuk v. 5th Ave. & 37th St. Corp., 290 N. Y. 412; Walters v. Reo Electrical Equipment Co., 289 N. Y. 57.) But where the statutory duty is the failure to keep in good repair and condition under section 78 of the Multiple Dwelling Law, as is the case here, while negligence may be inferred from the violation of that statutory duty, it is not active negligence as a matter of law, and in such cases a factual question is presented for determination. (See Wischnie v. Dorsch, 296 N. Y. 257.)
On all of the facts in this case, the motion of the defendant Delfus for judgment over on its cross complaint against Watson is, in all respects, granted, and the motion of the defendant Watson for judgment dismissing the cross complaint is in all respects denied. Defendant Watson is granted an exception on all adverse rulings. Accordingly, judgment over is granted by defendant Delfus against defendant Watson for the sum of $8,500, with costs.