■ PASQUALE DE LILLI, Plaintiff, v. NIAGARA MOHAWK POWER CORPORATION et al., Defendants. NIAGARA MOHAWK POWER CORPORATION, Defendant and Third-Party Plaintiff-Respondent, v. PERINI CORPORATION, Third-Party Defendant-Appellant. GENERAL TELEPHONE COMPANY OF UPSTATE NEW YORK, INC., Defendant and Third-Party Plaintiff, v. PERINI CORPORATION, Third-Party Defendant.— Appeals by third-party defendant from orders of the Supreme Court at Special Term which denied motions for dismissal of the respective third-party complaints for insufficiency. The third-party plaintiffs — a power company and a telephone company — are charged with negligence in the construction and maintenance of a utility pole and wires whereby plaintiff, an employee of third-party defendant, was injured when the latter's truck which plaintiff was then operating came in contact with the live wires. The utilities, in turn, charge third-party defendant with various acts of negligence, these

including allegations which indisputably aver active negligence and hence need not be discussed. Appellant contends, however, that the plaintiff's complaint alleges acts of affirmative negligence only and thus that the third-party complaints must fail. Certain of the allegations do indeed charge active negligence; but among the averments of negligent maintenance and of failure to warn of a dangerous condition due to sagging wires appear allegations susceptible of a different classification. In the liberal view we are bound to give third-party pleading, these allegations may be construed as charging passive negligence, or at least as sufficient to permit of proof which may be thus evaluated and classified, and, accordingly, in this case — which we deem clearly within the principles and intendment of third-party practice — as sufficient to warrant recovery over. The allegations which seem to us pertinent to the issue before us differ materially from those treated in *Putvin* v. *Buffalo Elec. Co.* (5 N Y 2d 447) cited by appellant, but are quite similar to those with which we dealt in *Schellhorn* v. *New York State Elec. & Gas Corp.* (283 App. Div. 678) in which we said: "In a situation in which the main complaint may be construed as charging the third-party plaintiff with passive negligence, even though it also charges him with active negligence, it has been the policy of this court not to dismiss such a complaint, but to leave the question of liability over until the examination of facts afforded at the trial." In the instant case, for example, it might be possible to find negligence merely passive arising from some condition as to which third-party plaintiffs might not be chargeable with a strict duty of inspection and of which they had no more than constructive notice. (Cf. *Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204.) Orders unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.