■    ANNA KLEIN et al., Plaintiffs, v. LEO BUKOWSKI, Doing Business as BUFFALO BAR SUPPLIES, Defendant and Third-Party Plaintiff-Appellant. SAMUEL T. MACALUSO, Jr., Doing Business as MACALUSO FIRE REPAIRS, Third-Party Defendant-Respondent.— Order reversed, with $25 costs and disbursements and motion denied, without costs. Memorandum: Plaintiff claims injury as a result of defendant and third-party plaintiff permitting the sidewalk in front of his business premises to become cluttered with glass from a broken window. Third-party plaintiff instituted an action against third-party defendant alleging that he contracted with third-party defendant to place an enclosure around the window and to clean up the debris resulting from the breaking. Special Term dismissed the third-party complaint on the ground that the original complaint alleged only active negligence on the part of the defendant. One of the specifications of negligence was "permitting the aforementioned conditions to exist". At this stage of the action the negligence charged in the main complaint might be construed as either affirmative or passive, and where such uncertainty exists the question should be resolved in favor of letting the third-party complaint stand and await final disposition as tested against additional information secured by a bill of particulars, examination before trial or ultimately the facts produced at trial. (*Brady* v. *Weiss & Sons*, 6 A D 2d 241.) Once third-party defendant undertook to perform his contractual obligation to remove the glass, his failure to do this in a reasonably careful manner might well make him responsible to one injured as a result of his active negligence. The possible failure of defendant and third-party plaintiff to inspect the premises after the work was completed, and thus permitting the condition to exist, might in the light of all the evidence produced upon trial, make the defendant and third-party plaintiff's negligence purely passive. (*Wroblewski* v. *Otis Elev. Co.*, 9 A D 2d 294, 296, 297; also, see *Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204.) True, one cannot delegate the duty of safeguarding against a dangerous condition, but if the third-party defendant undertook to clear the premises of danger to the public, then as between him and the defendant and third-party plaintiff the primary obligation rested upon third-party defendant. Applying the rule of "factual disparity between the delinquency" enunciated in *McFall* v. *Compagnie Maritime Belge* (304 N. Y. 314, 330) the primary wrongdoer would be the third-party defendant. Under these circumstances, the liability of defendant and third-party plaintiff exists only by reason of his ownership of the property and not because of any active, affirmative wrongdoing. (*Tipaldi* v. *Riverside Mem. Chapel*, 273 App. Div. 421, affd. 298 N. Y. 686.) In view of the particular facts presented here we believe, at this time, it the better part of good judgment to deny the motion to dismiss the third-party complaint. All concur, Halpern, J., in result, except McClusky, J., who dissents and votes to affirm. (Appeal from order of Erie Special Term dismissing the third-party complaint.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.