Frank Del Yecchio, J.
Plaintiff brings this action against both defendants to recover davages for personal injuries she allegedly received as the result oi fall on a broken section of a public sidewalk in front of property owned by the Syracuse Savings Bank and located in the City of Syracuse. The city served a cross claim against the bank; this is a motion for an order dismissing said cross claim on the ground it does not state facts sufficient to constitute a cross claim under section 264 of the Civil Practice Act.
The alleged acts of negligence are stated in Paragraph 8 of the complaint: “ 8. That the defendants were guilty of negligence in permitting the said sidewalk to deteriorate and remain in a state of unreasonable disrepair; in permitting the said sidewalk to get into and remain in a condition dangerous to pedestrians legally using said sidewalk and dangerous to this plaintiff in particular; in failing to make timely and reasonable inspections of said sidewalk; in maintaining said sidewalk in a dangerous and unsafe condition; in failing to make timely repairs to said sidewalk; in failing to make or to give reasonable and adequate warning to the public and to this claimant of the dangerous condition of said sidewalk, and that the defendants, their agents, servants and/or employees knew or should have known of the dangerous condition of said sidewalk, and failed to repair, or cause to be repaired, the same.”
The city interposed an answer setting forth as an affirmative defense that it had no written notice of the alleged condition of the sidewalk as required by Local Law No. 13 of the City of Syracuse, adopted in 1954; it also sets forth a cross claim against the bank alleging that the latter created the alleged dangerous condition.
These pleadings clearly allege facts which may be construed as charging the city with passive as well as active negligence and ordinarily it would be proper to serve a cross claim against a codefendant alleged to have created the condition which caused the accident, the fate of such cross claim to be determined on the trial of the action. (Ruping v. Great Atlantic & Pacific Tea *258 Co., 283 App. Div. 204 ; Brady v. Weiss & Sons, 6 A D 2d 241 ; McCants v. Wilmorite, Inc., 9 A D 2d 724.) However, even though the complaint contains allegations of passive negligence, this court is of the opinion that recovery against the city, if possible at all, may only be had upon the basis of active negligence and therefore the cross claim must be dismissed upon motion by the defendant bank.
The duty of maintaining the sidewalk in a safe condition is on the city. (City of Rochester v. Campbell, 123 N. Y. 405.) Local Law No. 13 provides that no civil action shall be maintained against the city for dar .ages sustained in consequence of any sidewalk being out A repair unless previous to the occurrence resulting in sue1. damages written notice of the unsafe condition of the sidewalk is actually given to the Commissioner of Public Works; accordingly, the city could be held liable only if it had actual notice. A party held liable by reason of actual notice is guilty of active negligence. (Bernardo v. Fordham Hoisting Equip. Co., 6 A D 2d 619, affd. 6 N Y 2d 733 ; Ruping v. Great Atlantic & Pacific Tea Co., supra.)
It is well settled that if a defendant’s liability may be predicated only on active negligence, a cross claim by such a defendant is improper as a matter of law, since an actively negligent tort-feasor is not entitled to indemnity. (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 455 ; Ohrt v. City of Buffalo, 281 App. Div. 344.)
On the other hand, if, as the city alleges in its answer, it had no previous written notice of the alleged dangerous condition of the sidewalk as required by Local Law No. 13 and the complaint does not allege that the city created such condition, it would not be liable to plaintiff in the first instance and therefore would have no occasion to seek judgment over against the defendant bank. (Bernardo v. Fordham Hoisting Equip. Co., supra ; Morgan v. Donahue, 19 Misc 2d 532, affd. 8 A D 2d 768, motion for leave to appeal denied 7 N Y 2d 705.) For the above reasons, the motion to dismiss the cross claim is granted.