Louis B. Heller, J.
In this action for personal injuries, the plaintiff recovered a verdict from the jury against the defendant Caye Construction Company, Inc., in the sum of $34,200. The defendant Caye Construction Company, Inc., instituted a third-party action against the third-party defendant United Roofing & Waterproofing Corp., in which it sought recovery both on an implied common-law indemnification and contractural indemnification.
Counsel for defendant and third-party plaintiff Caye Construction Company, Inc., and the third-party defendant United Roofing & Waterproofing Corporation stipulated that the issues in the third-party complaint be determined by the court.
The court thereafter rendered a decision on April 17, 1962, in which it found in favor of the third-party plaintiff Caye Construction Company, Inc., against the third-party defendant United Roofing & Waterproofing Corporation on the second cause of action in the third-party complaint based on a written contract of indemnity entered into between the parties, but did not decide the issue on an implied common-law indemnification as set forth in the first cause of action.
Counsel for the third-party plaintiff and third-party defendant thereafter appeared before the court and requested that the court also pass upon the first cause of action. The decision of the court dated April 17,1962 is therefore recalled.
Implicit in the jury’s verdict is a finding that the defendant Caye Construction Company, Inc., violated a duty which it owed the plaintiff under section 200 of the Labor Law. The court is satisfied that there is sufficient evidence to support the jury’s finding and will not disturb the verdict and substitute its judgment for that of the jury.
As to the first cause of action based on an implied common-law indemnification, the defendant and third-party plaintiff Caye Construction Company, Inc., maintained that if it was negligent it would be guilty only of passive negligence and that the third-party defendant was guilty of active negligence, and therefore entitled to judgment over on this cause of action.
*471 The evidence at the trial established that the defendant and third-party plaintiff Caye Construction Company, Inc., did not create the dangerous condition and under ordinary circumstances would be at best guilty only of passive negligence. The proof in this case, however, discloses that it had actual knowledge of the dangerous condition and in fact did send some of its workmen to alleviate and correct the same, but did not complete the work and remedy the danger. Thus, the third-party plaintiff became an active tort-feasor and cannot recover on the first cause of action (Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204).
Where a passive tort-feasor has actual knowledge of a dangerous condition and acquiesces in the continuance of the condition, he becomes an active tort-feasor and is barred from recovery on an implied common-law indemnification (Ruping v. Great Atlantic & Pacific Tea Co., supra). Accordingly, the first cause of action in the third-party complaint is dismissed.
With respect to the second cause of action in the third-party complaint based on the written contract of indemnity entered into between the parties, the court is of the opinion that the contract in clear and unequivocal terms indemnifies the third-party plaintiff against its own active negligence. The court finds that the intent of the contract was to provide absolute indemnity to the third-party plaintiff for injuries sustained by any person in the course of the work, inclusive of any caused by the third-party plaintiff’s active negligence — whether common-law or statutory (Jordan v. City of New York, 3 A D 2d 507).
Accordingly, judgment in the sum of $34,200 shall be entered in favor of the third-party plaintiff Caye Construction Company, Inc., against the third-party defendant United Roofing & Waterproofing Corp., on the second cause of action set forth in the third-party complaint.
All motions on which the court reserved decision, including the motion by the defendant Caye Construction Company, Inc., joined in by the third-party defendant United Roofing & Waterproofing Corp. to set aside the verdict and to dismiss the complaint of the plaintiff Ralph Ferrante are denied with appropriate exceptions to the movants.