Sydney F. Foster, J.
Motion by the third-party defendant, Niagara Mohawk Power Corporation (power company), for an order, pursuant to CPLR 3211, dismissing the third-party complaint and the second cause of action in the amended complaint. The third-party defendant argues that said pleadings fail to state a cause of action,
Plaintiff, employed by the defendant New York Central Railroad Company (railroad) as a lineman, initially began this action for damages in the amount of $150,000 against his employer, pursuant to the provisions of the Federal Employers’ Liability Act (FELA) (U. S. Code, tit. 45, § 51 et seq.), for injuries allegedly sustained on April 28, 1964 when he was thrown to the ground as a result of the breaking of the wood pole upon which he was working. The complaint alleges, inter alia, that the railroad failed and neglected to provide him with a safe and proper place within which to work.
The railroad in turn impleaded the power company, pursuant to CPLR 1007, upon allegations that the Niagara Mohawk Power Corporation or its predecessor had erected and maintained such poles and wires upon the railroad’s property in order to furnish power for a signal tower; that the railroad had discontinued the use of its signal tower; that on or about April 14, 1964 the railroad had notified the power company that the electric service wires, sagging in close proximity to the rails in this location, constituted a hazard to rail traffic; that the power company neglected to remedy the danger; and that the railroad had been compelled to remove these wires, in pursuance of which the pole broke and the plaintiff was injured. The railroad therefore asserts, in seeking judgment over against the power company, that if any negligence is to be charged against the railroad it arose by reason of the passive breach of duty imposed by the FELA, and that if any active negligence is to be found, it was committed solely by the power company, “ in failing to warn the third-party plaintiff of the dangerous or rotted condition of the said pole, of which it had notice or in the exercise of due care it should have known, and in failing to maintain its pole in a reasonably safe condition ”.
Thereafter, the plaintiff served an amended complaint, alleging in a second cause of action a claim of $150,000 against the power company for failing to inspect or maintain the pole or warn of its hazardous condition. The amended complaint was *196 served pursuant to CPLR 1009, which allows a plaintiff to assert against a third-party defendant any claim he might have asserted if the third-party defendant had been joined originally as a defendant.
What is now present in this case, therefore, is a possible situation of either an indemnity relationship between the New York Central Railroad Company and the Niagara Mohawk Power Corporation on the basis of the third-party complaint, or a joint tort-feasor and possible contribution relationship on the basis of the amended complaint. (See 2 Weinstein-Korn Miller, N. Y. Civ. Prac., par. 1009.02; cf. par. 1401.06.) The issue to be decided is whether the pleadings, fairly construed, charge the railroad with both passive and active negligence so as to allow the afore-mentioned impleader practice, or whether, as the power company argues, both pleadings fail to state any cause of action against it.
It is the power company’s principal argument that the third-party complaint does not allege acts which are sufficiently “ active” to sustain the railroad’s claim to indemnity. It is asserted that the acts alleged by the plaintiff against the railroad are more “active” in nature than those alleged against the power company and, at the very least, the pleadings project both parties as tort-feasors in pari delicto, barring the impleader practice used by the third-party plaintiff.
The difficulty comes, of course, in determining at the pleading stage the nature of the parties’ actions. The tort indemnity problem of identifying what is an allegation of “ active ” negligence and what is an allegation of “ passive ” negligence is not an easy one, and any formula applied under case law and the existing statutes undoubtedly results in a great deal of confusion (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1007.02; see, e.g., Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; McFall v. Compagnie Mar. Belge, 304 N. Y. 314). I am in agreement, however, with those cases in which the courts have not dismissed similar third-party pleadings where it may reasonably be said that passive negligence is within the scope of the allegations. It is a better policy under these circumstances to leave outstanding the questions of liability over, the relative, duties imposed on the railroad and the power company in the inspection and maintenance of the wires and pole and the proximate cause of the accident until the examination of facts afforded at the trial. (See, e.g., De Lilli v. Niagara Mohawk Power Corp., 11 A D 2d 839; Schellhorn v. New York State Elec, & Gas Corp., 283 App. Div. 678; Johnson v. Endicott Johnson *197 Corp., 278 App. Div. 626; Robinson v. Binghamton Constr. Co., 277 App. Div. 468.)
The pleadings here are susceptible of charging the railroad with possible passive negligence in failing to provide the plaintiff with a safe place to work and possible active negligence in failing to inspect or examine the pole when ordering him to Avork upon it; if the facts establish active negligence, the Trial Term will not permit a recovery over. (See McFall v. Compagnie Mar. Belge, 304 N. Y. 314, 328, supra.) The third-party complaint and the amended complaint both state causes of action against the power company as charging negligence in the maintenance of its service wires and of the pole from which the plaintiff allegedly fell and sustained injuries. Motion to dismiss denied, without costs.