■ BETTY DANIEL, Plaintiff, v. MICHAEL G. POLANDER, Defendant and Third-Party Plaintiff-Appellant. ANTHONY RICCARDY, Doing Business as ROYAL BUSINESS EQUIPMENT, Third-Party Defendant-Respondent.— STALEY, JR., J. Appeal from an order of the Supreme Court granting a motion by respondent for dismissal of appellant's third-party complaint. Plaintiff alleges that on the 11th day of December, 1965, at approximately 8:30 P.M., she was walking in a westerly direction on Spencer Street alongside appellant's building, and when adjacent to the loading dock serving the building, was caused to slip, trip and fall violently to the ground as a result of which she sustained injuries. Plaintiff further alleges that, by reason of the construction of appellant's premises, precipitation was caused, allowed and permitted to be cast from the roof on the loading dock upon the public sidewalk, which precipitation thereafter froze upon the sidewalk, resulting in a hazard and trap for the plaintiff pedestrian. The respondent was a tenant in possession of the portion of the premises which included the loading dock area. The third-party complaint alleges that the respondent was in exclusive possession and control of the loading dock at the time of the accident and, as a consequence of the tenancy, the respondent is primarily liable for any injuries or damages sustained by the plaintiff, and that the appellant should be indemnified by the respondent for any damages he may suffer on account of plaintiff's injuries. Under the allegations of the main complaint, it might be possible for a jury to find merely passive negligence arising from some condition of the property as to which the third-party plaintiff might not be chargeable with a strict duty of inspection, and of which he had no more than constructive notice. (De Lilli v. Niagara Mohawk Power Corp., 11 A D 2d 839; Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204.) Order reversed, on the law and the facts, and motion denied, with costs. Gibson, P. J., Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.

## (November 7, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT MURINCHACK, Petitioner, v. WALTER M. WALLACK, as Warden of Wallkill Prison, Respondent. — Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied as insufficient on its face (People ex rel. Carr v. Martin, 286 N. Y. 27). The issues sought to be raised may be considered upon the pending appeal from the judgment. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ F. W. WOOLWORTH COMPANY, Respondent, v. COMMISSION OF TAXATION & ASSESSMENT OF THE CITY OF PLATTSBURGH, Appellant. S. S. KRESGE COMPANY, Respondent, v. COMMISSION OF TAXATION & ASSESSMENT OF THE CITY OF PLATTSBURGH, Appellant. VERDUN RADIO CENTRE INC., Respondent, v. COMMISSION OF TAXATION & ASSESSMENT OF THE CITY OF PLATTSBURGH, Appellant.— Motion for reargument denied. Motion for permission to appeal to the Court of Appeals denied on the ground that an appeal lies as of right. Gibson, P. J., Herlihy, Aulisi and Staley, Jr., JJ., concur.