■ WILLIAM TENPAS, Appellant, v. DONALD RARICK, Respondent,—Judgment unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: The evidence adduced by the plaintiff established a prima facie case and properly presented questions of fact for the jury. The court was in error in dismissing plaintiff's complaint at the close of the plaintiff's case. (Appeal from judgment of Chautauqua County Court dismissing complaint in negligence action.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.

■ GERTRUDE REH, as Administrator of the Estate of EDWARD REH, Deceased, Respondent-Appellant, v. HAUGHTON ELEVATOR Co., Respondent, and 701 SENECA STREET, INC., Appellant-Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant 701 Seneca Street, Inc., to abide the event. Memorandum: The trial court erred in refusing to receive proof as to the operable condition of the elevator and its safety devices shortly after the happening of the accident in which plaintiff's intestate lost his life (Richardson, Evidence [9th ed.], § 198). In view of the conflicting testimony of the coemployee (Noreika) of decedent as to whether the so-called wooden gate was up or down when the elevator reached the eighth floor this proffered testimony should have been received as general evidence and also as bearing on Noreika's credibility. It was also error for the trial court to have granted the motion of defendant, Haughton Elevator Co. (Haughton) to dismiss the complaint as to it. The proof submitted factual issues as to its negligence. The court further erred in granting the motion of Haughton to dismiss the cross claim of the codefendant (Seneca). Seneca having contracted with Haughton to inspect, service and repair the elevator, in the absence of proof that Seneca had notice or knowledge of the alleged defective condition of the safety device (cf. *Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204, 206) its liability, if any, would be based on its nondelegable statutory duty to safely maintain the elevator (Labor Law, §§ 255, 316). Thus, as between the defendants, Haughton was responsible for active negligence while Seneca's role was wholly passive and resulted in liability only by virtue of the statute (*Witz* v. *Cadillac Hotel*, 26 A D 2d 763, affd. 19 N Y 2d 824; *Richardson* v. *Cannold Holding Corp.*, 283 App. Div. 789, affd. 308 N. Y. 932). (Appeals from judgment and order of Erie Trial Term in action for damages for wrongful death.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.