Bentley Kassal, J.
This is a motion for summary judgment, made by one of the defendants, Eden Textiles, Inc. (referred to herein as “defendant Eden”) against plaintiff, dismissing the complaint on the grounds that a prior arbitration award had resolved the same issues in defendant Eden’s favor. Simultaneously, defendant Eden also moved for summary judgment against the codefendant, S. D. Sales Corp. Inc. (referred to herein as “ defendant Sales ”) dismissing the cross claim interposed by defendant Sales. The basis for this second motion was that the doctrine of collateral estoppel bars such claim since the issues resolved by the arbitration award are identical to *204 those asserted in the cross claim and the defendant Sales, which had been present at and participated in the arbitration hearing, although not a party thereto, was bound by such determination.
Plaintiff had purchased fabric from defendant Eden which, upon plaintiff’s instructions, was shipped to defendant Sales, the printer chosen by plaintiff for the purpose of having patterns printed upon the fabric. This is the sole contact by defendant Eden with defendant Sales and there were no contractual or other relations between these two parties.
Plaintiff asserts a cause of action against defendant Sales for processing the goods improperly, so as to render the fabric unmerchantable. Plaintiff claims against defendant Eden for breach of warranty in representing that the goods were reasonably fit for the purpose intended and that the fabric would be properly prepared for printing.
Defendant Sales cross-claims against defendant Eden, on the grounds that defendant Eden represented to plaintiff and Sales that the fabric was prepared and fit for printing. It further alleges that defendant Eden was negligent in dyeing said fabric with a dye not suitable for the printing and finishing as requested by plamtiff and in failing to notify defendant Sales of the type of dye used.
After this action was commenced, defendant Eden moved against plaintiff for arbitration, as provided for in their contract, which was granted. At the arbitration hearing the issues were whether any warranties had been made by defendant Eden to plaintiff and if so, whether the warranties had been breached by defendant Eden. Plaintiff claimed that the fabric had not been properly prepared for printing and could not be printed upon. The unanimous decision of the three-man arbitration tribunal was in favor of defendant Eden. This award was confirmed by a judgment of the Supreme Court on May 18,1970.
Accordingly, I direct that summary judgment be entered dismissing the plaintiff’s complaint against defendant Eden, since the confirmed arbitration award has resolved the issue as between these parties.
However, we are now confronted with the issue of whether defendant Eden is entitled to judgment dismissing the cross claim of defendant Sales, which is to be resolved on the basis of the applicability of the principle of collateral estoppel to an arbitration award confirmed by judgment.
The authorities are quite clear that an arbitration award, duly confirmed and embodied in a judgment, is enforceable, has all the attributes of a judgment and is, res judicata as to the matters adjudicated by the award. (New York Lbr. & Wood *205 working Co. v. Schnieder, 119 N. Y. 475; De Martini v. Bertram Garden Apts., 138 N. Y. S. 2d 659; 23 Carmody-Wait 2d New York Practice, § 141:186, pp. 123-124.)
Therefore, since the judgment confirming the award is in all substantial respects a judgment on the issues, we must look to the issues resolved in the arbitration hearing and those presented here.
Defendant Eden alleges that at the arbitration hearing, plaintiff attempted to prove that defendant Eden’s goods were not properly prepared for printing. The sole witness for plaintiff to establish these facts was the “principal of Sales”, who appeared voluntarily, not by subpoena, was represented by his own counsel, prompted plaintiff’s counsel, and even attempted to cross-examine defendant Eden’s witnesses. These facts are not controverted.
The answering affidavit admits that defendant Sales’ president was a witness and not a party and proceeds to claim that it was defendant Eden’s negligence that “may have caused defendant S. D. to improperly print the goods.”
Even if there had been negligence by defendant Eden there is no basis for indemnification to defendant Sales by defendant Eden. (Egan v. Syracuse Sav. Bank, 28 Misc 2d 256, 258; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; Berg v. Town of Huntington, 7 N Y 2d 871.)
I also conclude that the doctrine of collateral estoppel applies herein. It has been held that a defensive use of collateral estoppel may be permitted if there is an identity of issues and the party against whom the estoppel is being asserted had a full opportunity to contest the issue. (Schwartz v. Public Administrator, 24 N Y 2d 65, 70.)
Furthermore, “ the fact that a party has not had his day in court on an issue as against a particular litigant is not decisive in determining whether the defense of res judicata is applicable. ’ ’ (Israel v. Wood Dolson Co., 1 N Y 2d 116, 119.)
The mere fact that the parties on this cross claim are not the same adversaries in the arbitration award does not bar the use of collateral estoppel if an opportunity to participate therein had been given. They were antagonists in fact. (Schwartz v. Public Administrator, supra, p. 72.)
The moving affidavit contains the allegation that defendant Sales actually participated in the arbitration in almost every substantial respect, except that it was not named as a party therein and did not in its own right present evidence and cross-examine. It is noteworthy that when plaintiff attempted to bring defendant Sales into the arbitration, defendant Sales *206 obtained a court order staying such proceedings. Clearly, therefore, the full and fair opportunity test, employed by our courts, has been met herein.
Accordingly, on this issue the court grants summary judgment to Eden dismissing the. said cross claim of defendant Sales, provided that there first be a hearing herein for the purpose of making a finding of fact on these issues:
(1) Were the issues presented to the arbitration panel substantially identical to those presented by the cross claim herein?
(2) Were there any warranties and representations made by defendant Eden to defendant S. D. Sales, in regard to whether the said fabric could be printed upon?
There will be a hearing for the purpose of resolving these two issues only, which hearing will be set by Special Term Part II of this court or at any other part to which this may be assigned therefrom for a hearing on the above two issues. The moving party shall requsition the entire file to the office of the Clerk of Special Term, Part II so that a date may be assigned and notice of such hearing shall be then given to both sides.
If, after such hearing, the above issues are found so that the answer to issue (1) is in the affirmative and the answer to issue (2) is in the negative, judgment shall be entered herein in favor of defendant Eden, dismissing the cross claim of defendant Sales, with costs. If not so found, the motion for summary judgment in regard1 to these two parties is denied. In any event, plaintiff’s complaint against defendant Sales remains unchanged.