GERTRUDE L. SELTZER et al., Plaintiffs, *v.* SAM ROSENBERG et al., Defendants.

Supreme Court, Special Term, Queens County, January 25, 1950.

*Norman Lustig* for Sam Rosenberg, defendant.

*Richard W. Hannah* for Middle Village Credit Union, defendant.

*Louis Joshua Hurwitz* for plaintiffs.

DALY, J. The plaintiffs sued the defendants in negligence to recover for personal injuries and loss of services alleged to have resulted from an accident which was caused by the construction of the sidewalk abutting the premises owned by the individual defendant and more particularly in front of the store occupied by his tenant, Middle Village Credit Union, in such a manner that it sloped on a downward angle from the building line towards the curb; also rectangular portion of said sidewalk had been repaired and the area in question was depressed several inches, and in general said sidewalk was out of repair and unsafe and dangerous for the passage of pedestrians over it.

The tenant's cross complaint asserts, pursuant to section 264 of the Civil Practice Act, that the owner of the premises " may be liable  *  *  *  for all or part " of plaintiffs' claim asserted against it, and seeks an adjudication of its ultimate rights. The owner now moves to dismiss the cross complaint

for legal insufficiency. He contends that under the allegations of the complaint both defendants are joint tort-feasors, and that, in any event, the cross complaint has been insufficiently pleaded in that it fails to allege that the landlord created the condition for which he is sought to be held responsible.

Neither ground has substance. First of all, it cannot be said that upon the present state of the pleadings the defendants are joint tort-feasors. Therefore, the cross complaint cannot be dismissed as a matter of pleading. Such was the holding in *Schlemovitz* v. *City of New York* (81 N. Y. S. 2d 282, affd. 274 App. Div. 1064) which involved, however, a third-party complaint. Since the rationale of cross claims between parties already in the action is identical with that of impleader under section 193-a of the Civil Practice Act, with the exception of different pleading and procedural requirements (Tripp, A Guide to Motion Practice [Rev. ed.], § 29, par 3, p. 85), the holding in the *Schlemovitz* case applies with equal force here. As for the claim that the cross complaint omits necessary allegations of fact, the court is of the opinion that, liberally construed (Civ. Prac. Act, § 275), the averments of paragraph 13 of the answer sufficiently spell out a claim of liability over on the part of an active wrongdoer to one guilty, if at all, of passive negligence.

The motion is, accordingly, denied.