BARBARA GALKA, by GRACE GALKA, Her Guardian ad Litem, et al., Plaintiffs, *v.* CITY OF ALBANY, Appellant, and TEMPLE BAPTIST CHURCH OF ALBANY, Respondent.

Third Department, November 18, 1954.

*Harold E. Koreman, Corporation Counsel (Samuel Jacobs* of counsel), for appellant.

*Carter & Conboy* for respondent.

Coon, J. Plaintiffs brought this action against both defendants to recover damages for personal injuries sustained by the infant plaintiff as a result of a fall on a public sidewalk and for derivative damages sustained by the adult plaintiff. The plaintiffs' complaint alleges that the defendants negligently maintained a public sidewalk, upon which the infant plaintiff fell, adjacent to property owned by the defendant church. Plaintiffs allege that the sidewalk was '' out of repair, unsafe, dangerous to travel and walk upon, by reason of holes and pits in such sidewalk, by reason of spalting of the concrete or slate slabs, by reason of upheaval of the sidewalk so that the said sidewalk was not level but was slanted, cracked and broken ''. In substance, the original complaint alleges in the alternative either actual notice to defendant city and failure to repair, or the existence of the dangerous condition for so long a period of time that '' the same should have been discovered and remedied in the exercise of reasonable care and diligence.''

The answer of the defendant city is essentially a denial, and also sets forth a cross complaint against the codefendant church, alleging in substance the obligation of the codefendant church to indemnify the city for any liability because the conditions, if they existed, were created and caused by the codefendant church, and that it used said sidewalk as a crossing for vehicles entering and leaving a commercial parking lot which it owned adjacent thereto, constituting a special use and benefit accruing to the church under circumstances imposing a legal duty to properly maintain the sidewalk. The cross complaint was served pursuant to section 264 of the Civil Practice Act, which provides for the service of such a pleading, and reads in part: '' Where the judgment may determine the ultimate rights of the parties on the same side, as between themselves, or of a party who claims that any other party to the action is or may be liable to him for all or part of a claim asserted against him in the action, the party who requires such a determination must demand it in his pleading ''.

The order appealed from grants '' the motion to dismiss the cross-complaint '' and '' so much of the prayer for relief in said cross-complaint is stricken as follows the words ' section 264 of the Civil Practice Act.' '' Such order must be considered as a complete dismissal of appellant's cross complaint in its entirety.

The pleadings present a clear situation where the city may be found to be passively negligent and the church actively negligent, entitling the city to judgment over against the codefendant

church. The original complaint of the plaintiffs alleges both active and passive negligence on the part of the city, and the cross complaint under review alleges affirmative active negligence on the part of the church and, at most, only passive negligence on the part of the city. In these circumstances the city is not *in pari delicto* and would be entitled to recover over against the church. This court has held that a third-party complaint is good if there " may be liability over." (*Robinson* v. *Binghamton Constr. Co.,* 277 App. Div. 468, 471; *B. M. C. Mfg. Corp.* v. *Tarshis,* 278 App. Div. 266.) From the face of the pleadings this is a case where it may develop at the trial that the two defendants are not joint tort-feasors, but that the passive wrongdoer, which may be liable to the plaintiffs, is entitled to full recovery from the codefendant which may be liable as an active wrongdoer. This seems to be precisely the kind of a case where a cross complaint asserting these facts is proper. (*Ruping* v. *Great Atlantic & Pacific Tea Co.,* 283 App. Div. 204.)

The fact that this cross complaint was served under section 264 of the Civil Practice Act and not under section 193-a is unimportant. Both sections are obviously intended to accomplish the same purpose under different circumstances, the purpose being to avoid multiplicity of litigation and to determine the ultimate rights of all parties in one trial. Section 193-a is designed to bring in a new party, and section 264 is designed to plead against one already a party, as here. It is stated in *Seltzer* v. *Rosenberg* (199 Misc. 4, 5, affd. 277 App. Div. 1138), a case factually very similar to the case at bar: " the rationale of cross claims between parties already in the action is identical with that of impleader under section 193-a of the Civil Practice Act, with the exception of different pleading and procedural requirements ".

The order should be reversed and the motion to dismiss the cross complaint denied, with $10 costs.

BERGAN, J. P., HALPERN, IMRIE and ZELLER, JJ., concur.

Order reversed and the motion to dismiss the cross complaint denied, with $10 costs.