Frank Del Vecchio, J.
This is a motion by the defendants Scerra to dismiss third-party summonses and complaints served against them by the defendant Village of Herkimer.
These actions were brought against all defendants by the infant plaintiff to recover damages for personal injuries and by his mother to recover for medical expenses and loss of services. The pleadings allege that on January 20, 1957 while the infant plaintiff was on the sidewalk on South Caroline Street in the Village of Herkimer a Coca-Cola sign under a canopy in front of a building owned by defendants Scerra fell upon him causing the alleged injuries.
A note of issue with a certificate of readiness was filed on July 12, 1960 and the actions appeared on the Day Calendar on January 3, 1961.
On December 31, 1960, over five months after the filing of the note of issue and two days before the eases were reached *261 for trial, the defendant village served upon the defendants Scerra third-party summonses and complaints pursuant to section 193-a of the Civil Practice Act. It is clear that this is improper procedure but counsel for Scerra has asked the court to consider these pleadings as a cross claim under section 264 of the Civil Practice Act and to decide this motion on the merits.
It is the contention of defendants Scerra that the complaints charge all defendants with active negligence which precludes one defendant from cross-claiming against a codefendant. There can be no question that if a complaint contains allegations of active negligence only, a cross claim or impleader is improper as a matter of law, since an actively negligent tortfeasor is not entitled to indemnity (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 455 ; Kennedy v. Bethlehem Steel Co., 282 App. Div. 1001, affd. 307 N. Y. 875 ; Sands v. Klein, 8 A D 2d 836, affd. 7 N Y 2d 896) ; but when the main complaint contains allegations of both passive and active negligence the fate of the cross claim or third-party complaint should be reserved for decision upon the trial and should not be dismissed on motion. (McCants v. Wilmorite, Inc., 9 A D 2d 724 ; Kogut v. City of Buffalo, 9 A D 2d 717 ; Schellhorn v. New York State Elec. & Gas Corp., 283 App. Div. 678 ; Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204 ; Marzella v. Carlson Hoist & Mach. Co., 280 App. Div. 955 ; Brady v. Weiss & Sons, 6 A D 2d 241.)
The duty imposed upon a municipality to maintain the sidewalks in a safe condition also requires that it exercise reasonable care to see that canopies and signs over the sidewalk are not allowed to become unsafe and if it has actual or constructive notice of a dangerous condition it may be held liable for damages. (Leary v. City of Yonkers, 95 App. Div. 126 ; Bieling v. City of Brooklyn, 120 N. Y. 98 ; Hume v. Mayor, etc., 74 N. Y. 264.) Ordinarily an abutting owner is not liable for proper repair and maintenance of the sidewalk; he is liable however if he creates the condition which causes the injury or fails to maintain in a reasonably safe condition that portion of the sidewalk in which he places an installation for his own special use. (Nickelsburg v. City of New York, 263 App. Div. 625 ; Weiser v. City of New York, 5 A D 2d 702, affd. 7 N Y 2d 811.)
The original complaints indiscriminately charge all defendants with negligent acts of commission and omission as follows: £ £ In the construction and maintenance of the said canopy, shed or awning and sign in an unsafe, dangerous, defective and decayed condition; in failing to cause the same to be repaired and put in a safe condition; in failing to properly inspect, main- *262 fain and regulate the same; and in failing to take any precaution to avoid the accident aforesaid.”
■ The cross claim alleges, among other things, that the defendants Scerra negligently erected and maintained a canopy and sign upon the front of their building and that the defendant village was negligent in permitting it to remain in an unsafe and defective condition. These are not conclusory allegations as claimed by Scerra but allegations which when considered with the allegations in the main complaint could be the basis for holding the defendant village liable solely on the basis of passive negligence in failing to discharge its duty of reasonable care in the maintenance of the sidewalk by reason of its failure to inspect and for holding defendants Scerra liable for active and primary negligence in failing to comply with their affirmative duty properly to erect and maintain the canopy and sign on a portion of the sidewalk from which they derive a special benefit. In these circumstances a cross claim is proper. (Rubin v. City of New York, 277 App. Div. 1138 ; Olivia v. Gouze, 285 App. Div. 762, affd. 1 N Y 2d 811 ; Klein v. Bukowski, 12 A D 2d 872.)
For the above reasons, this court has concluded that the motion by the defendants Scerra must be denied.