James J. Conroy, J.
This is an action by the plaintiff Susan McHugh to recover damages for personal injuries allegedly sustained as a result of a fall on a sidewalk in which she is joined by her husband to recover damages for, among other things, loss of services. The defendant, the City of New York, cross-claimed against the defendants, Ernest and Sonia Kluger. The individual defendants have now moved to dismiss the cross complaint for legal insufficiency.
The complaint alleges, in pertinent part, in the cause of action against the city that it was this defendant’s “ duty to properly care for and maintain * * * [the] sidewalk and to keep
the same in proper and safe condition for travel ” and that this defendant ‘ ‘ carelessly and negligently permitted and allowed the said sidewalk to remain in a dangerous and unsafe condition.” This defendant allowed said condition to continue “ for a long and unreasonable length of time without repair or correction.” Finally, it is alleged that the defendant the City of New York had “ actual knowledge of the dangerous, unsafe and hazardous condition of said sidewalk.” In the cause of action pleaded in the complaint concerning the defendants Ernest and Sonia Kluger it is alleged, in pertinent part, that they ‘ ‘ wrongfully, carelessly and unskillfully repaired or caused to be repaired * * * [the] sidewalk.”
The cross complaint, in pertinent part, requests leave to refer to the contents of the complaint herein upon the trial of the action and alleges that “ if the defendant, The City of New York, is held liable to the plaintiffs, such liability arose out of the affirmative negligent and careless acts and conduct of the * * * defendants, Ernest Kluger and Sonia Kluger, his wife, their agents, servants and/or employees, in causing and creating the alleged unsafe and dangerous condition ’ ’ and, therefore, the defendant the City of New York is entitled to indemnification.
If the cross complaint consists of conclusory allegations or if the facts giving rise to the indemnification are not sufficiently pleaded, then the cross complaint should be dismissed. (Brady v. Weiss & Sons, Inc., 6 A D 2d 241.) The cross complaint may allege the facts that give rise to the indemnification expressly or by reference to allegations in the main complaint. (Glasgow v. Drakes, 5 A D 2d 693.) If the cross complaint seeks to establish a claim for indemnification by reference to allegations in the complaint, such reference must explicitly show the facts that give rise to such indemnification. (D’Onofrio v. City of New York, 284 App. Div. 658.)
*263 In the case at bar, the cross complaint does not set forth facts which would give rise to the indemnification claimed and the attempt to refer to the complaint generally does not remedy this deficiency. The defendant the City of New York would be a joint tort-feasor if, as alleged in the complaint, it had actual notice of the alleged defective sidewalk and under these circumstances would not be entitled to a claim over against the defendants, Ernest Kluger and Sonia Kluger. (Brady v. Weiss & Sons, Inc., supra; Ruping v. Great Atlantic & Pacific Tea Co., 283 App. Div. 204, 206.) However, if the defendant the City of New York had only constructive notice of the alleged defective sidewalk, then it would merely be passively negligent and would be entitled to a claim over against the one who caused such defect. (Napoli v. City of New York, 144 N. Y. S. 2d 110; Shapiro v. City of New York, 141 N. Y. S. 2d 320; see, also, Neiberg v. Remsenburg Realty Corp., 1 A D 2d 1043.)
The cause of action in the complaint alleged against the defendant the City of New York is sufficiently broad so that said defendant may be held liable on the theory of constructive notice and, therefore, would merely be a passive tort-feasor and entitled to indemnification. (Galka v. City of Albany, 285 App. Div. 27.) Thus, if it cannot be determined in advance of trial if a defendant has properly invoked a claim for indemnification, then the defendant is entitled to cross claim for such indemnification. (Lyon v. Banks, 8 A D 2d 823.)
Accordingly, the motion to dismiss the cross complaint is granted with leave to the defendant the City of New York to serve an amended cross complaint within 10 days of the service of a copy of the order to be entered hereon. (See Bush Term. Bldgs, v. Luckenbach S. S., 11 A D 2d 220, 222.)