Clarence J. Henry, J,
Plaintiffs in the original action were passengers in an automobile owned and operated by one Kenneth Winkler, on July 20, 1959, when an accident occurred which resulted in claimed personal injuries to both plaintiffs.
On July 10,1962 (10 days before the expiration of the Statute of Limitations) plaintiffs caused a summons and complaint to be served on the defendants Caldwell and Cook, alleging that Winkler was the latters’ employee acting within the scope of Ms employment at the time of the accident. The complaint also named Winkler and a corporation (not concerned in this motion) as codefendants.
On July 20,1962, the defendants Caldwell and Cook caused to be delivered a summons and complaint in a third-party action — ■ with themselves as third-party plaintiffs and Winkler as third-party defendant — to the Sheriff of Monroe County, who effected personal service on Winkler on July 24, 1962,
Winkler, as third-party defendant, now moves to dismiss the third-party complaint on the contention that he was a party to the original action on the date of the third-party action’s institution and thus was eliminated as a third-party defendant possibility by the provisions of section 193-a of the Civil Practice Act; further, that the proper approach for a determination of the ultimate rights of parties on the same side is by way of a cross claim, as provided by section 264.
The opposing contention of the third-party plaintiffs is that they had no way of knowing that Winkler was a codefendant in the original action as of July 20,1962, he not having yet appeared or answered, and that to protect their rights under the Statute of Limitations their only course was to insure his presence in the controversy through the third-party complaint against him. In this procedural conclusion it would seem they were unduly apprehensive. A cause of action for indemnification does not accrue until the party who claims it has been required to pay (see Lanser v. Baumrin, 2 Misc 2d 610), and the rule applies whether the indemnity is sought under section 193-a or section 264,
Actually, it is conceded in the submitted papers, Winkler was served on July 11, 1962, and answered on July 21, 1962 (the latter to be noted as one day after the third-party action was commenced).
*943 The question to be determined herein, then, is whether on the date of such commencement he is to be regarded as having been a party to the original action, in which event section 264 would technically apply, or not a party thereto, in which event section 193-a would technically apply. The adverb technically has been chosen with deliberation for, although it has recently been stated that the sections should be correctly applied (Macrina v. Scerra, 28 Misc 2d 260, 261), it has also been held that the difference between them in procedural requirements is not of great significance, that “ [b]oth sections are obviously intended to accomplish the same purpose * * * the purpose being to avoid multiplicity of litigation and to determine the ultimate rights of all parties in one trial ” (Galka v. City of Albany, 285 App. Div. 27, 29).
The majority opinion in Bennett v. Bird (237 App. Div. 542) contains the answer as to when a defendant reaches status as a party under the provisions of section 264, and, by implication, under section 193-a. There it was held that, although naming a defendant in a summons and complaint does not constitute him a party (the sole dissent disagrees), the service of process upon him, thus providing him with an opportunity to appear and answer, does constitute him such.
It appearing, therefore, that Winkler was of party stature in the original action on July 20,1962, when the third-party action was commenced, and that a cross complaint under section 264 was the proper procedure, the motion to dismiss the third-party complaint is granted; however, as stated above, because the procedure followed was but technically incorrect, defendants Caldwell and Cook are permitted, within 20 days following service of the order herein, to serve upon the defendant Winkler an amended pleading setting forth a cross claim. Ho loss of advantage will result to the latter in view of the above-defined effect of the Statute of Limitations on cross claims. Submit order. Ho costs.